Carolyn YOUNG, on Behalf of Anthony TRICE, a minor, Appellant,

v.

Donna E. SHALALA, Secretary of Health and Human Services, Appellee.

No. 94–2819.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1995.

Decided April 17, 1995.

E. Gregory Wallace, Jonesboro, AR, argued (Anthony W. Bartels, on the brief), for appellant.

Pamela M. Woods, Dallas, TX, argued, for appellee.

Before LOKEN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and JONES,* Senior District Judge.

JOHN B. JONES, Senior District Judge.

Carolyn Young, on behalf of her minor son, Anthony Trice, applied for federal disability benefits in mid-1991, claiming that Anthony was disabled due to glaucoma. Following a hearing, an administrative law judge denied the claim for benefits for Anthony in mid-1992. Additional evidence regarding an alleged emotional disorder was submitted fol-lowing the denial of benefits; however, the Appeals Council of the Social Security Administration denied Young's request for additional review. Ms. Young then sought judicial review of the denial of benefits in the federal district court. *See* 42 U.S.C. § 405(g). In June of 1994 a magistrate judge affirmed the final decision of the Secretary of Health and Human Services ("Secretary"). Ms. Young appeals the decision of the magistrate judge.[1] We affirm.

I.

■ Anthony's application for benefits claimed he was disabled due to glaucoma. Following the final decision of the Secretary, but prior to the magistrate judge's decision, Anthony had an eye exam which revealed his vision was 20/60 in his right eye and 20/20 in his left eye. Anthony was subject to only one medical restriction: to avoid shining bright light directly into his eyes. Eye drops were being used by Anthony to reduce the build-up of pressure in his eyes due to glaucoma and he was a candidate for surgery to remove a cataract in his right eye.

The record discloses that Anthony does not have any significant problems which limit his ability to watch television, perform household chores, socialize with his friends, coordinate his clothing and take care of his personal needs. Although Anthony does not participate in any organized sports he does participate in all types of ball games such as basketball, baseball and football. Ms. Young testified that Anthony missed only three days of school in the 1991–92 school year due to his eye condition. He has not had any significant disciplinary problems at school and has had no problems with law enforcement.

Substantial evidence exists in the record as a whole to uphold the Secretary's decision that Anthony is not disabled due to glaucoma. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir.1993), *citing* 42 U.S.C. § 405(g).

II.

■ Although not claimed as an impairment by Ms. Young, the administrative law

---

* The HONORABLE JOHN B. JONES, Senior District Judge, United States District Court for the District of South Dakota, sitting by designation.

1. The Honorable Henry L. Jones, United States Magistrate Judge for the Eastern District of Arkansas.

judge determined upon a review of the record that he should consider whether Anthony suffered an impairment of mental retardation in addition to evaluating the claimed impairment due to glaucoma. Anthony has taken several tests to determine his level of intelligence. The results of the IQ tests administered to Anthony from the years 1989 to 1993 reveal a full scale IQ varying from 64 to 76. Dr. Wilkins, a psychologist, concluded Anthony was able to engage in age-appropriate activities despite some learning disabilities and a history of special education. The administrative law judge found that Anthony had an impairment of mild mental retardation, which was classified as a "severe" impairment but did not amount to a "disability" as defined in the Social Security Act. *See* 20 C.F.R. § 416.924(f). Substantial evidence exists in the record as a whole to uphold this decision. *Woolf,* 3 F.3d at 1213, *citing* 42 U.S.C. § 405(g).

### III.

■ Ms. Young claims the Secretary erred in determining that Anthony is not disabled as provided in Listing 112.05D. 20 C.F.R. part 404, subpt. P, App. 1 § 112.05D. This listing provides that a child is disabled if he or she has (1) "[a] valid verbal, performance, or full scale IQ of 60 through 70 and," (2) "a physical or other mental impairment imposing additional and significant limitation of function." *Id.* It appears from Anthony's IQ scores that he meets the first part of Listing 112.05D.

In an effort to meet the second part of the listing, Ms. Young presented additional evidence to the Appeals Council consisting of reports from Dr. George De Roeck, dated June 22, 1992, and from Dr. Russell Dixon, dated January 12, 1993. These doctors administered additional IQ and psychological tests to Anthony, and opined that he was depressed.

After considering the evidence as a whole, including the new reports, we conclude substantial evidence exists to support the Secre-

tary's decision that Anthony does not meet the requirements of Listing 112.05D. *See Mackey v. Shalala,* 47 F.3d 951, 953 (8th Cir.1995); *Woolf,* 3 F.3d at 1213.

### IV.

■ Even if a listing is not satisfied, a child may be disabled if the child's impairments would be of comparable severity to disable an adult. 20 C.F.R. § 416.924(f), as amended at 58 Fed.Reg. 47,532, 47,578 (Sept. 3, 1993). In this regard, the Secretary must evaluate the claimant's "overall ability to function independently, appropriately, and effectively in an age-appropriate manner." *Id.* Substantial evidence exists in the record as a whole to support the Secretary's decision that Anthony's mild mental retardation was not of comparable severity to disable an adult. *See Woolf,* 3 F.3d at 1213.

### V.

We affirm the decision of the magistrate judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge, concurring.

I concur in all that the court holds today, and add only the observation that nothing we have said intimates a view on whether plaintiff is currently eligible for benefits.