United States Court of Appeals
FOR THE EIGHTH CIRCUIT
No. 97-1488

Donna Briggs,                              *
                                           *
          Appellant,                       *
                                           *   Appeal from the United States
     v.                                    *   District Court for the
                                           *   Northern District of Iowa.
John J. Callahan, Acting Commissioner,     *
Social Security Administration,[1]         *
                                           *
          Appellee.                        *

_____

Submitted: October 23, 1997
Filed:  March 19, 1998
_____

Before McMILLIAN, FLOYD R. GIBSON, and BEAM, Circuit Judges.
_____


BEAM, Circuit Judge.

___

[1]John J. Callahan was appointed to serve as acting Commissioner of the Social Security Administration effective March 1, 1997.  He has been substituted for Shirley S. Chater pursuant to Fed. R. App. P. 43(c).

Donna Briggs appeals the district court's[2] affirmance of the denial of her application for Child's Supplemental Security Income ("SSI") benefits based on disability. We affirm.

## I. BACKGROUND

Donna Briggs, who is now fourteen years old, has been diagnosed as having borderline intellectual functioning, attention deficit hyperactivity disorder (ADHD), and a conduct disorder. Her application was denied initially and on reconsideration. She then sought review and was granted a hearing.

At the hearing, both Donna Briggs and her mother, Brenda Briggs, testified. Donna testified that she spends part of her day in a special education class. Her mother testified that Donna has had problems in school since first grade. She stated that Donna is hyperactive, fidgety, disruptive, aggressive and cannot concentrate. She also stated that her daughter's behavior and academic performance has improved since she was prescribed Ritalin.[3]

The evidence presented at the hearing included a questionnaire prepared by Donna's fifth-grade teacher noting that Donna was performing below grade level in all academic areas. She described Donna as "low functioning," but stated that she "usually demonstrates appropriate behavior." The record also included reports from psychologists who examined Donna. Dr. Thomas Anderegg reported that Donna "is capable of doing all activities of daily living appropriate for a child her age but requires

---

[2]The Honorable Edward J. McManus, United States District Judge for the Northern District of Iowa.

[3]Ritalin is a central nervous system stimulant that is prescribed to stabilize children who are diagnosed with attention deficit disorder. See Physician's Desk Reference 848 (50th ed. 1996).

supervision in order to do them consistently," and has "significant behavioral problems that interfere with getting along with others and following rules."  He found Donna to be functioning in the low average range of intelligence, with adaptive behavior in the average range.  Another psychologist found that her "impairments do not substantially reduce her ability to function independently, appropriately, and effectively in an age-appropriate manner."  The school psychologist reported that Donna's intellectual functioning was within the borderline range, and that her reading and written expression skills were about two years behind those of her peers.

The administrative law judge (ALJ) denied benefits.  He found that although Briggs had established the existence of a severe impairment, her condition did not meet or equal any impairment in the listing of presumptively disabling conditions.  See 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the listings).  The ALJ thus conducted an individual functional assessment and found that Briggs was not disabled because she could function independently, appropriately, and effectively in an age-appropriate manner. The appeals council affirmed, as did the district court.  Briggs appeals.

## II.    DISCUSSION

We will affirm the Commissioner's decision if it is supported by substantial evidence.  See Young v. Shalala, 52 F.3d 200, 201-02 (8th Cir. 1995).  Substantial evidence is less than a preponderance, but enough that a reasonable mind would accept it as adequate to support the Commissioner's decision.  See Lawrence v. Chater, 107 F.3d 674, 676 (8th Cir. 1997).  In assessing the substantiality of evidence, we must consider evidence that detracts from the Commissioner's decision, as well as evidence that supports it.  See Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).  We may not reverse the Commissioner merely because substantial evidence would have supported the opposite conclusion.  See id.

As an initial matter, there is a dispute between the parties over whether recent enactments to the Social Security Act apply to this action. Under the law in effect at the time the ALJ made his decision, a child was considered disabled if the child "suffers from any medically determinable physical or mental impairment of comparable severity" to an impairment that would disable an adult. 42 U.S.C. § 1382c(a)(3)(A) (1995). The Personal Responsibility and Work Opportunity Reconciliation Act of 1996, which was signed into law on August 22, 1996, changed the standards by which child SSI benefits are awarded. See Pub. L. No. 104-193, 110 Stat. 2105 (1996). The new legislation provides that a child will be considered disabled if he or she has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations." 42 U.S.C. § 1382c(3)(C)(i) (1997). The legislation applies to "any individual who applies for, or whose claim is finally adjudicated with respect to, Social Security benefits after the date of the enactment of the Act." Pub. L. No. 104-193 § 211(d), 110 Stat. 2190. Since this action was still pending after August 22, 1996, the new legislation applies. See id. at § 211(d)(1)(A)(ii), 110 Stat. 2190.

Legislative history indicates, however, that the new statutory definition imposes a standard for disability that is more stringent than the earlier standard for evaluating childhood disability claims. See generally, H.R. Conf. Rep. No. 104-725 (1996), reprinted in, 1996 U.S.C.C.A.N. 2649, 2716 (stating "severe" should be given its ordinary meaning, not "other than minor"); 142 Cong. Rec. S4095-05, S4099 (daily ed. April 25, 1996) (summary of centrist coalition budget--referring to "tightened definition of childhood disability"). Accordingly, if a claim had been properly denied under the old standard, it must also be denied under the new, more stringent, standard. We will thus analyze this action under the old standard, as did the ALJ. Because we find that Briggs is not disabled under the old, more lenient, standard, we need not evaluate her case under the new, more stringent, standard.

Briggs asserts that the ALJ erred in determining that she does not meet listing 112.05(D) (Mental Retardation). See 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 112.05(D).

That listing provides that a child is disabled if he or she has: 1) a valid verbal, performance, or full scale IQ of 60 to 70; and 2) "a physical or other mental impairment imposing additional and significant limitation of function." Id. Briggs's IQ score of 69 meets the first prong of the listing. Briggs contends that her ADHD and behavior problems impose sufficient limitations of function to satisfy the second prong.

We disagree. Although the ALJ did not specifically discuss Briggs's condition in the context of listing 112.05(D), we find the record supports the conclusion that Briggs's other impairments do not meet the requirements of the listing. The record shows that Briggs's hyperactivity has improved with medication. Reports from her teachers indicate that her behavior is acceptable at school. Although Briggs undoubtedly has additional impairments, there has been no showing that the impairments impose a significant limitation on her activities.

Even if a listing is not satisfied, a child may nonetheless be disabled if the child's impairment is of comparable severity to that which would disable an adult. See 20 C.F.R. § 416.924(b) (1995). A child's impairments are considered comparable to an adult's disabling impairments only if they substantially reduce his or her ability to function independently, appropriately, and effectively in an age-appropriate manner. See 20 C.F.R. § 416.924(a) (1995). The ALJ performs an individual function assessment in this regard. See 20 C.F.R. § 416.924d(a) (1995).

We have reviewed the record and find that there is substantial evidence to support the ALJ's finding that Briggs's mild mental retardation, coupled with her ADHD and behavior problems, are not of comparable severity to those which would disable an adult.

III.   CONCLUSION

The judgment of the district court is affirmed.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.