**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

———————

No. 97-3530

———————

Donald Bryant, Sr., on behalf of   *
Donald Bryant, Jr.,   *
                              *   Appeal from the United States
        Appellant,             *   District Court for the
                              *   Eastern District of Arkansas.
    v.                         *
                              *
Kenneth S. Apfel, Commissioner of   *
Social Security Administration,[1]   *
                              *
        Appellee.

———————

Submitted: February 9, 1998
              Filed: April 16, 1998

———————

Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.

———————

HANSEN, Circuit Judge.

---

[1]Kenneth S. Apfel has been appointed to serve as Commissioner of the Social Security Administration and is automatically substituted as appellee. See Fed. R. App. P. 43(c) (1).

Donald Bryant, Sr. (Mr. Bryant), appeals the district court's[2] grant of summary judgment to the Social Security Administration, affirming the Commissioner's decision to deny his application for children's Supplemental Security Insurance (SSI) disability benefits on behalf of his son, Donald Bryant, Jr. (Donald Jr.).  We affirm.

I.

Mr. Bryant applied for children's SSI disability benefits on behalf of his son, Donald Jr., alleging that Donald Jr. was disabled due to a learning disability and migraine headaches.  The Social Security Administration denied the claim both initially and upon reconsideration. Mr. Bryant requested and received a hearing before an Administrative Law Judge (ALJ) on January 12, 1995.  Donald Jr. and his father both testified at the hearing.

At the time of the hearing, Donald Jr. was 14 years old and in the sixth grade.  He was attending special education classes and said he had trouble concentrating.  He testified that he gets along well with his teachers and friends, with the exception of two or three fights.  Donald Jr. complained that he suffers migraine headaches two or three times a week, lasting two to three hours at a time.  He said he has had these headaches since he was born.  The headaches usually start around 2:00 in the afternoon.  He said  they make him dizzy, sick to his stomach, and bring on photophobia (a painful sensitivity to light).  Relief comes only from the combination of prescription medication and sleep; aspirin and Tylenol had no effect.  Donald Jr. is also anemic, which makes him tired and less active than other children.

---

[2]The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, trying the case by consent of the parties pursuant to 28 U.S.C. § 636(c) (1994).

Although he testified that he had these headaches his whole life, Donald Jr. sought medical attention for the first time in September 1994, just months prior to the hearing. At that time, the results of a CT scan performed on his head were normal, and Dr. Joe Elser diagnosed the headaches as migraine headaches. He prescribed Amitriptyline for Donald Jr. and instructed Donald Jr. to keep a diary of his headaches, to continue the medication for two to three months, to report back on its effectiveness, and to consider further therapy if the medication proved to be unsuccessful. There is no indication that Donald Jr. sought further treatment.

In a 1991 intellectual evaluation recommended by the school system due to his poor academic progress, Donald Jr. scored a verbal IQ of 79, a performance IQ of 93, and a full scale IQ of 85 on the Weschler Intelligence Scale for Children-Revised. The results of this evaluation placed Donald Jr. in the slow learner level of intellectual functioning. Subsequently in 1995, Donald Jr. was reevaluated at the request of his attorney. On this occasion, Donald Jr. scored a verbal IQ of 70, a performance IQ of 71, and a full scale IQ of 69 on the Weschler Intelligence Scale for Children-Revised. These scores placed Donald Jr. within the classification of mild retardation.

Donald Jr.'s fifth grade teacher indicated that he was doing well in school. She said Donald Jr. behaves in an age appropriate manner, that he is polite and interacts well with his classmates, and that he always completes his work assignments. She said he is sleepy at times but concentrates well. Records indicate that Donald Jr. misses school only 3 or 4 times a year due to his headaches.

The ALJ found that Donald Jr. has severe impairments, but that they do not meet or equal a listed impairment. The ALJ then performed an individual functional assessment and determined that Donald Jr.'s impairments are not of comparable severity to those which would disable an adult. Accordingly, the ALJ denied benefits, and the appeals council denied further review.

-3-

On behalf of his son, Mr. Bryant sought judicial review of the agency decision. The district court concluded that the ALJ's decision was supported by substantial evidence on the record. Thus, the court granted summary judgment in favor of the Commissioner. Mr. Bryant appeals, arguing that the ALJ's decision is not supported by substantial evidence because Donald Jr. has a listed impairment of mental retardation, evidenced by his full scale IQ score of 69 and his history of migraine headaches.

II.

We review the Commissioner's denial of a child's SSI disability benefits by considering whether substantial evidence supports the Commissioner's decision. Briggs v. Callahan, No. 97-1488, 1998 WL 119768, at * 1 (8th Cir. Mar. 19, 1998); Young ex rel. Trice v. Shalala, 52 F.3d 200, 201-02 (8th Cir. 1995). Substantial evidence exists when a reasonable mind would conclude the evidence is adequate to support the decision, and we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. Briggs, 1998 WL 119768, at *1.

Consistent with the standards applicable at the time of the ALJ's decision, the ALJ followed a four-step sequential evaluation process for determining whether Donald Jr. was entitled to children's SSI benefits. See 20 C.F.R. § 416.924(b)-(f) (1995). Using this process, the ALJ determined that (1) Donald Jr. is a student and not engaged in work activity, (2) he suffers from severe impairments including a learning disability and migraine headaches, but (3) his impairments do not meet or equal a listed impairment, and additionally, (4) he does not have an impairment or combination of impairments that are comparable to those which would disable an adult.

On August 22, 1996, prior to the district court's review of the ALJ's decision, the President signed into law the Personal Responsibility and Work Opportunity Reconciliation Act of 1996. See Pub. L. No. 104-193, 110 Stat. 2105, 2188 (1996).

This new legislation requires a child to prove that he or she has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations." 42 U.S.C.A. § 1382c(a)(3)(C)(i) (West Supp. 1998). This is a more stringent standard than the old one. Briggs, 1998 WL 119768, at *2. This new standard eliminates the fourth step in the old evaluation process, which previously allowed a finding of disability if the child suffered a "medically determinable physical or mental impairment of comparable severity" to one that would disable an adult. 42 U.S.C. § 1382c(a)(3)(A) (1994). The new standard applies to Donald Jr.'s case, because this case was pending at the time the new legislation was enacted. See Briggs, 1998 WL 119768, at *2. Nevertheless, we will apply the old standard as did the ALJ, because where a claim was properly denied under the old standard, "it must also be denied under the new, more stringent, standard." Id. We conclude that the ALJ properly denied the claim under the old standard.

Mr. Bryant's only argument is that the ALJ's finding that Donald Jr.'s impairments do not meet the listing for mental retardation is not supported by substantial evidence. A child meets the mental retardation listing and is disabled when the child has "[1] [a] verbal, performance, or full scale IQ of 60 through 70 and [2] a physical or other mental impairment imposing additional and significant limitation of function." 20 C.F.R. pt. 404, subpt. P, app. 1, § 112.05(D) (1995).

Donald Jr.'s 1995 full scale IQ score of 69 meets the first prong of the listing. See Briggs, 1998 WL 119768, at *2. The ALJ discounted this score by considering that the result is inconsistent with Donald Jr.'s 1991 full scale IQ score of 85. The ALJ found that the earlier, significantly higher score combined with his appearance and demeanor at the hearing indicate that Donald Jr. is closer to the low normal range than the retarded range of intelligence. Mr. Bryant asserts that the ALJ should not have considered the 1991 score, arguing that it is not sufficiently current for an accurate assessment under the listing. Social Security regulations state that the results of IQ tests obtained between ages 7 and 16 should be considered current for only two years

when the IQ is 40 or above. <u>See</u> 20 C.F.R. pt. 404, subpt. P, app. 1, § 112.00(D). The Commissioner argues that even absent the earlier higher IQ scores, other factors demonstrate that the lone 69 score is unreliable. The Commissioner argues that the 69 score is simply not in line with Donald Jr.'s actual intellectual functioning because Donald Jr.'s grades show marked improvement in almost all courses from 1991 through 1995. The Commissioner asserts that such consistent scholastic improvement is inconsistent with the alleged decline in Donald Jr.'s intellectual functioning claimed to be evidenced by the lone 69 IQ score of the 1995 evaluation.

We need not resolve this factual dispute, because we agree with the district court that even assuming Donald Jr. meets the first prong of the mental retardation listing with his full scale IQ score of 69, he does not meet the second prong. The second prong of the mental retardation listing, requiring an "additional and significant limitation of function," § 112.05(D), is met when a claimant "has a physical or additional mental impairment that has a 'more than slight or minimal' effect on his ability to perform work." <u>Sird v. Chater</u>, 105 F.3d 401, 403 (8th Cir.1997) (quoting <u>Cook v. Bowen</u>, 797 F.2d 687, 690 (8th Cir.1986), and discussing the listing at § 12.05(C) which is the adult mental retardation standard). The additional impairment need not be disabling in and of itself but need only result in a significant work-related limitation of function to satisfy the adult standard. <u>See</u> <u>id.</u>

Mr. Bryant asserts that Donald Jr.'s headaches have a significant effect on his ability to function sufficient to satisfy the second prong of the listing. He asserts that the ALJ found as much by stating at step two of the evaluation process that Donald Jr.'s learning disability and headaches "are severe impairments." (Appellant's Adden. at 5.) We disagree.

At step two, where the ALJ concludes that the learning disability and headaches are severe impairments, the ALJ's imprecise language causes confusion for the reader. We note that later in the decision, however, the ALJ specifically finds at step three that

while Donald Jr. has a marked limitation in the cognitive domain, his headaches "impose no more than a slight limitation of function." (Id. at 6.)  In this manner, the ALJ explains his reasoning more fully.  When the ALJ separately analyzes the functional limitations caused by each impairment at step three, we see that the ALJ actually considers Donald Jr.'s learning disability as a significant limitation but views the headaches as no more than a slight limitation of function.  The earlier imprecise wording is clarified through the later findings.  We have often "held that '[a]n arguable deficiency in opinion-writing technique is not a sufficient reason for setting aside an administrative finding where . . . the deficiency probably ha[s] no practical effect on the outcome of the case.'"  McGinnis v. Chater, 74 F.3d 873, 875 (8th Cir. 1996) (quoting Benskin v. Bowen, 830 F.2d 878, 883 (8th Cir. 1987)) (alterations in original).  Our review of the record convinces us that substantial evidence exists to support the ALJ's conclusion that Donald Jr.'s headaches impose no more than a slight limitation of function at this time, which is not sufficient to satisfy the second prong of the mental retardation listing.  He has missed little school on account of his headaches.  His headaches are responding to his medication, which he only recently sought and obtained.  Additionally, his school work has been improving, and he gets along well with others at school.

We conclude that Donald Jr. does not satisfy the requirements for a listed impairment, and the ALJ's decision to deny benefits is supported by substantial evidence.

III.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.