# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

——————

No. 97-3927

——————

Kimberly C. Sutton,                   *
                                      *
            Appellant,                *
                                      *   Appeal from the United States
      v.                              *   District Court for the Eastern
                                      *   District of Missouri.
Kenneth S. Apfel, Commissioner        *
of Social Security,                   *        [UNPUBLISHED]
                                      *
            Appellee.                 *

——————

Submitted: March 10, 1998
Filed: October 13, 1998

——————

Before BOWMAN,[1] FLOYD R. GIBSON, and MORRIS SHEPPARD ARNOLD,
    Circuit Judges.

——————

PER CURIAM.

———————————

[1]The Honorable Pasco M. Bowman became Chief Judge of the United States
Court of Appeals for the Eighth Circuit on April 18, 1998.

Kimberly C. Sutton appeals the district court's[2] order, granting summary judgment to the Commissioner and affirming the Commissioner's decision to deny Sutton disability insurance benefits and supplemental security income. We affirm.

Sutton applied for social security disability and supplemental security income benefits, alleging a disability onset date of February 21, 1994,[3] based upon recurring blood clots in her leg, impaired eyesight, and high blood pressure.[4] Following a hearing, the Commissioner's administrative law judge (ALJ) denied Sutton's application, finding that, although Sutton suffers from obesity and a history of recurrent venous thrombosis that is accompanied by leg pain and edema, she fails to meet or equal any of the disabling impairments on the Commissioner's Listing of Impairments, in particular 20 C.F.R. Pt. 404, Subpt. P., App. 1, Listing 9.09(D) (1998).[5] The ALJ further found that Sutton's subjective complaints of pain were not credible. Although the ALJ concluded that Sutton could not perform her past relevant work as a nurse's aide or certified medical aide, the ALJ decided that she still possessed the residual functional capacity to perform light exertion and sedentary jobs in the national economy. The Commissioner's Appeals Council denied Sutton's request for review,

---

[2]The HONORABLE DAVID D. NOCE, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

[3]At the hearing before the administrative law judge, Sutton modified her alleged onset date to August 19, 1993.

[4]In addition, Sutton more specifically alleged that she suffered from phlebitis and thrombophlebitis (primarily in her left leg); edema (in her left leg and left ankle); obesity (Sutton is 5'4" tall and weighs 260 pounds); hyperlipidemia; and menstrual problems.

[5]To meet or equal a disabling impairment under section 9.09(D), the claimant must have "[w]eight equal to or greater than [258 pounds, for Sutton's height of 5'4",] . . . and . . . [c]hronic venous insufficiency with superficial varicosities in a lower extremity with pain on weight bearing and persistent edema." 20 C.F.R. Pt. 404, Subpt. P., App. 1 § 9.09(D).

and Sutton sought judicial review.  The district court granted summary judgment in favor of the Commissioner, concluding that substantial evidence on the record as a whole supported the ALJ's decision.  Sutton appeals.

We review the Commissioner's denial of benefits to determine whether substantial evidence on the record as a whole supports the Commissioner's decision.  See Kisling v. Chater, 105 F.3d 1255, 1257 (8th Cir. 1997).  "Substantial evidence is less than a preponderance, but enough that a reasonable mind would accept it as adequate to support the Commissioner's decision."  See Briggs v. Callahan, 139 F.3d 606, 608 (8th Cir. 1998).  However, we must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it.  See id.  "We may not reverse the Commissioner merely because substantial evidence would have supported the opposite conclusion."  Id.

For reversal, Sutton argues that (1) neither the ALJ nor the district court properly applied disability listing 9.09(D) to her medical evidence which supports a finding of disability based on her obesity and the listed impairment of chronic venous insufficiency; and (2) the ALJ's decision that Sutton can work was not substantially supported by the record.

We have carefully reviewed the record and the parties' arguments on appeal.  Upon review of the record, we find no merit to Sutton's argument that the ALJ and the district court failed to properly apply § 9.09(D) to her medical evidence.  The ALJ found that Sutton met the listing's weight requirement but concluded that, despite her history of recurrent venous thrombosis, she did not suffer from chronic venous insufficiency.  As such, both the ALJ and the district court performed the proper analysis under § 9.09(D), and we find that substantial evidence supports the conclusion that Sutton does not meet the listing's requirement of chronic venous insufficiency.  Moreover, substantial evidence on the record as a whole supports the ALJ's determination that Sutton's subjective complaints of pain are not credible and that she

has the residual functional capacity to perform light exertion and sedentary jobs. Accordingly, we affirm the judgment of the district court for the reasons set forth in its thorough and well-reasoned memorandum opinion dated October 3, 1997.

The order of the district court is affirmed.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.