# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1999

_____

Kim M. Britt, on behalf of his minor    *
child, Timothy Britt,    *

     * 

    Plaintiffs - Appellants,    *

     *    Appeal from the United States

    v.    *    District Court for the

     *    District of Nebraska.

Kenneth S. Apfel, Commissioner of the    *

Social Security Administration,    *     **[UNPUBLISHED]**

     *

    Defendant - Appellee.    *

_____

Submitted: December 15, 2000

Filed: February 2, 2001

_____

Before LOKEN and MAGILL, Circuit Judges, and BATTEY,* District Judge.

_____

PER CURIAM.

    Kim Britt applied for supplemental security income benefits on behalf of his school-age son, Timothy Britt, under subchapter XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* Britt alleged that Timothy was disabled by one or more severe behavioral disorders. After the application was denied at the initial and reconsideration

_____

    *The HONORABLE RICHARD H. BATTEY, United States District Judge for the District of South Dakota, sitting by designation.

levels, the Commissioner's administrative law judge held a hearing and issued an adverse decision. The ALJ found that Timothy has severe mental impairments but denied the application because Timothy "does not have an impairment or impairments that so interfere with his ability to function effectively, appropriately, and independently in an age-appropriate manner that they are comparable to ones that would prevent an adult from performing substantial gainful activity." Britt then sought judicial review of the Commissioner's adverse decision, arguing that the ALJ failed to give proper weight to treating physician reports, improperly discredited Britt's testimony describing his son's behavioral problems, and erred in finding Timothy not disabled under the applicable regulation, 20 C.F.R. § 416.924.

The district court[1] granted summary judgment affirming the Commissioner's decision. The court first noted that this claim is governed by a more stringent standard for determining the disability of a child enacted by Congress after the ALJ's decision. Compare 42 U.S.C. § 1382c(a)(3)(A) (1994), with 42 U.S.C. § 1382c(a)(3)(C)(i) (Supp. II 1996). However, the new standard need not be analyzed if the claim was properly denied under the prior, more lenient standard. See Briggs v. Callahan, 139 F.3d 606, 608 (8th Cir. 1998). The court then determined that substantial evidence on the record as a whole supports (i) the relative weight the ALJ gave to the testimony of the treating physicians, the consulting physician, and Timothy's second-grade teacher, and (ii) the ALJ's decision to discredit, at least in part, Britt's testimony. Therefore, the district court concluded that the factual record supports the ALJ's finding that Timothy is not limited in his developmental and functional "domains" to the extent necessary for the "comparable severity" determination that was necessary to a finding of child disability under the prior statute and regulation.

---

[1]The HONORABLE JOSEPH F. BATAILLON, United States District Judge for the District of Nebraska.

Britt appeals, raising the same issues considered by the district court. After careful review of the administrative record as a whole, we affirm for the reasons stated in the district court's thorough Order dated March 13, 2000. See 8th Cir. Rule 47B.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.