# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2030

_____

Sherry Shelton, on behalf of       *
Rance Brownlee,       *
      *
              Appellant,       *      Appeal from the United States
      *      District Court for the Eastern
      v.       *      District of Arkansas.
      *
Jo Anne B. Barnhart,* Commissioner,       *        [UNPUBLISHED]
Social Security Commission,       *
      *
              Appellee.       *

_____

Submitted: November 16, 2001

Filed: November 23, 2001

_____

Before WOLLMAN, Chief Judge, FAGG and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Sherry Shelton petitioned for supplemental security income for her now twelve-year-old son, Rance Brownlee, claiming Brownlee has learning disabilities, attention deficit hyperactivity disorder (ADHD), and right-eye blindness. According to the

_____

*Jo Anne B. Barnhart has been appointed to serve as Commissioner of Social Security, and is substituted as appellee under Federal Rule of Appellate Procedure 43(c)(2).

record, Brownlee also has mild mental retardation, with partial and full-scale IQ scores ranging from 52-82. Brownlee receives special education services five periods per day, takes Ritalin for his ADHD, and wears glasses which correct his vision to 20-30 in his right eye. Although Brownlee's problems noticeably impair his academic performance in mainstream classes, Brownlee has good attendance, receives good marks for citizenship, and good grades in reading, language, spelling, and math. He is also able to ride his bicycle, play video games, and complete household chores. Supplemental benefits were initially granted, then denied after the Commissioner reviewed Brownlee's case in light of the 1996 changes to the Social Security Act. See 42 U.S.C. § 1382c(a)(3) (1994 & Supp. IV 1998). To be considered disabled under the new law, children must have more serious impairment-related limitations than under the old law. See Rucker for Rucker v. Apfel, 141 F.3d 1256, 1259 (8th Cir. 1998). After conducting a hearing and the proper sequential evaluation, the Administrative Law Judge (ALJ) found that Brownlee is not working, has a severe impairment (ADHD and loss of depth perception in his right eye), but does not have an impairment or combination of impairments that meet the criteria for disability. See, e.g., 20 C.F.R. § 416.924 (2001). The Appeals Council affirmed the ALJ's determination. Shelton filed for judicial review. The district court[**] affirmed, finding substantial evidence in the record as a whole supports the Commissioner's decision. Shelton now appeals, claiming Brownlee's impairments are sufficient to meet the criteria for disability either by meeting a listed impairment or having two marked impairments that functionally equal a listed impairment. Having carefully reviewed the record and the parties' briefs, we affirm. See Hunt v. Massanari, 250 F.3d 622, 623-24 (8th Cir. 2001).

---

[**]The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, sitting by consent of the parties under 28 U.S.C. § 636(c).

Shelton contends Brownlee is disabled because he meets the listed impairment of mental retardation under § 112.05(C) and (D). See 20 C.F.R. Pt. 404, Subpt. P, App. I § 112.05 (2001). Because Shelton did not raise her claim under § 112.05(C) before the Commissioner or the district court, we decline to consider it for the first time on appeal. See Norwest Bank of N.D., N.A., 159 F.3d 328, 334 (8th Cir. 1998). We conclude no manifest injustice will result from our decision because Shelton can reapply for benefits asserting Brownlee is disabled under § 112.05(C). We reject Shelton's claim under § 112.05(D), finding the record as a whole supports the ALJ's contrary determination. To be disabled under § 112.05(D), Brownlee must have a "valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant limitation of function." We agree Brownlee meets the IQ criterion but reject Shelton's contentions that Brownlee's language disorder, ADHD, and right-eye blindness each impose the required additional functional limitation. Brownlee's treatment progress reports and most of his grades are good, and his vision is corrected to 20-30, supporting the ALJ's determination that Brownlee's function is not significantly limited by an additional impairment. See, e.g., Briggs v. Callahan, 139 F.3d 606, 609 (8th Cir. 1998) (finding denial of benefits supported when child's hyperactivity improved with medication and behavior was appropriate at school).

Shelton also contends that Brownlee meets the functional equivalent of a listed impairment because he is markedly impaired in cognitive/communicative development and in concentration, persistence, and pace. See § 112.00(C). Brownlee must be markedly impaired in two functional domains to qualify as being functionally equal to a listed disability. Even though Brownlee's cognitive test scores are two standard deviations below the mean, thus meeting the definition of marked impairment in cognitive/communicative development, see id., school records, progress notes, and evidence of Brownlee's ability to perform a wide range of daily activities support the ALJ's finding that Brownlee is less than markedly impaired in concentration, persistence, and pace. Because Brownlee is not markedly impaired in

two domains, we reject Shelton's contention that he is functionally equal to a listed disability.

Accordingly, we affirm the district court's decision.  <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-