# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2860

_____

| | | |
|---|---|---|
| Sheila Blake, on behalf of Brian Blake, | * | |
| | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| Jo Anne B. Barnhart,* Commissioner, | * | [UNPUBLISHED] |
| Social Security Administration, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: January 17, 2002

Filed: January 24, 2002

_____

Before BOWMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Sheila Blake petitioned for supplemental security income for her now eleven-year-old son Brian Blake, claiming Brian is disabled because of learning problems. According to the record, Brian also has mild mental retardation, with partial and full

_____

*Jo Anne B. Barnhart has been appointed to serve as Commissioner of Social Security, and is substituted as appellee under Federal Rule of Appellate Procedure 43(c)(2).

scale IQ scores ranging from 58 to 84, attention deficit hyperactivity disorder (ADHD), speech problems, urinary incontinence, and disruptive behavior disorder. Brian has received special education in a resource classroom since the first grade and receives speech and language therapy. Brian takes medication for his ADHD, which, although it is effective, his parents administer inconsistently because of the cost. Brian performs well in his resources classes, likes his teacher, and has school friends. Brian's father reports that he behaves well at school, but not at home.

Supplemental benefits were initially granted, then denied after the Commissioner reviewed Brian's case in light of the 1996 changes to the Social Security Act. See 42 U.S.C. § 1382c(a)(3) (1994 & Supp. IV 1998). To be considered disabled under the new law, children must have more serious impairment-related limitations than under the old law. Rucker for Rucker v. Apfel, 141 F.3d 1256, 1259 (8th Cir. 1998). After conducting a hearing and the proper sequential evaluation, the administrative law judge (ALJ) found that Brian is not working, has a severe impairment (mild mental retardation), but does not have an impairment or combination of impairments that meet the criteria for disability. See, e.g., 20 C.F.R. § 416.924 (2001). The Appeals Council affirmed the ALJ's determination. Blake filed for judicial review. The district court[**] affirmed, finding substantial evidence in the record as a whole supports the Commissioner's decision. Blake now appeals. Having carefully reviewed the record and the parties' briefs, we affirm. Hunt v. Massanari, 250 F.3d 622, 623-24 (8th Cir. 2001).

Blake's contentions that Brian is disabled because he meets the criteria for mental retardation under § 112.05(D) and (F) or that the combination of his impairments functionally equal a listed impairment were considered and properly rejected by the district court. See 20 C.F.R. Pt. 404, Subpt. P., App. 1 (2001).

---

[**]The Honorable J. Thomas Ray, United States Magistrate Judge for the Eastern District of Arkansas, sitting by consent of the parties under 28 U.S.C. § 636(c).

Although Brian does meet the first requirement for § 112.05(D) and (F) through his low IQ scores, Brian does not have the required additional limitation to satisfy either criteria. We reject Blake's claim that Brian's speech and language disorder is a sufficient additional limitation because there is substantial evidence in the record to support the ALJ's conclusion that Brian's speech has improved and is no longer a serious detriment to his school success. Blake further suggests Brian's ADHD, possible mood disorder, and disruptive behavior each are additional significant functional impairments. The record shows, however, that Brian's ADHD can be controlled through properly administered medication, his mood is normal, and his behavior is compliant at school. These difficulties do not rise to the level of significant additional impairments. Briggs v. Callahan, 139 F.3d 606, 608-09 (8th Cir. 1998) (finding denial of benefits supported when child's hyperactivity improved with medication and behavior was appropriate at school). In addition, the parents' failure to consistently administer effective medication as prescribed without good reason can be a proper ground for denying benefits. Kelley v. Callahan, 133 F.3d 583, 589 (8th Cir. 1998).

We also reject Blake's contention that Brian meets the functional equivalent of a listed impairment because he is markedly impaired in his motor development, social functioning, personal development, and concentration, persistence, or pace. The record shows substantial evidence to support the ALJ's contrary conclusions: Brian's doctors rated him as having slightly decreased motor coordination; Brian has friends and his social functioning improved with therapy; Brian's limitations with personal care are slight, and he is able to accomplish most age-appropriate self-care tasks; and although Brian has ADHD, as we stated earlier, his impairment is treatable with properly administered medication.

Accordingly, we affirm the district court's decision. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.