# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1751

_____

| | | |
|---|---|---|
| Carla Leistikow, on behalf of Carl Leistikow, | * * * | |
| Appellant, | * * | |
| v. | * * * | Appeal from the United States District Court for the Western District of Missouri. |
| JoAnne B. Barnhart, Commissioner of Social Security, | * * * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: July 25, 2002
Filed: August 14, 2002 (corrected 8/15/02)

_____

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Carla Leistikow, on behalf of her son Carl Leistikow, appeals the District Court's[1] order affirming the denial of her application for children's supplemental security income benefits. Having carefully reviewed the record, see Bryant ex rel. Bryant v. Apfel, 141 F.3d 1249, 1251 (8th Cir. 1998) (standard of review), we affirm.

_____

[1]The Honorable Robert E. Larsen, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

In the January 1996 application, Carla alleged that Carl had been disabled since August 1990 (the month of his birth) from attention deficit disorder (ADD) and hyperactivity. After an August 1998 hearing, an administrative law judge (ALJ) found Carl's ADD and hyperactivity, his speech/language disorders, and his possible learning disabilities severe, but not of listing-level severity either alone or in combination. The ALJ further found that Carl's impairments were not functionally equivalent to the severity of any listing.

Carla first argues that Carl met the requirements for Listing 112.11 (attention deficit hyperactivity disorder). See 20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. B § 112.11 (2000). Carl's school records, professional evaluations, and Carla's statements, however, reflect that when Carl was taking the medication prescribed for his ADD and hyperactivity, he did not have "marked" limitations in inattention, impulsiveness, and hyperactivity (the A criteria). See id. (requiring claimant to meet all three A criteria and at least two B criteria); see also id. § 112.00C (defining "marked"); id. § 112.00F (stating that in assessing impairment severity, attention must be focused on functional limitations which persist despite medication).

Carla also generally contends that Carl's impairments were functionally equivalent to a listed impairment. We disagree. Contrary to her assertion, the ALJ thoroughly summarized the regulatory requirements for functional equivalence and then applied them to the record, citing specific evidence in support of his findings. Further, the ALJ properly determined that Carl's limitations of specific functions, such as walking or talking, were not extreme, which is consistent with the findings of the speech pathologists who evaluated Carl and with the comments of Carl's teachers. See 20 C.F.R. § 416.926a(b)(1), (c)(3)(ii) (2000) (requirements and definitions). As to the other relevant method for determining functional equivalence—examining broad areas of development or functioning, see 20 C.F.R. § 416.926a(c)(4) (2000) (categorizing such areas by specific age groups)—the ALJ properly determined (based on the testing results and the assessments of Carl's

teachers and other professionals) that Carl did not have the requisite extreme limitation in one of these areas or marked limitation in two, <u>see</u> 20 C.F.R. § 416.926a(b)(2), (c)(3)(i) (2000) (requirements and definitions).

Carla's remaining arguments provide no basis for reversal. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-