# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 02-3595

%
Tracy Pepper, on behalf of    %
James Gardner,    %
   %
       Plaintiff - Appellant,    %
   % Appeal from the United States
     v.    % District Court for the Eastern
   % District of Missouri.
Jo Anne B. Barnhart, Commissioner    %
of Social Security,    %
   %
       Defendant - Appellee.    %

Submitted: June 9, 2003
Filed: September 9, 2003

Before MELLOY, HANSEN, and SMITH, Circuit Judges.

MELLOY, Circuit Judge.

Tracy Pepper, on behalf of her son James Gardner, appeals the district court's[1] order affirming an Administrative Law Judge's (ALJ) denial of supplemental security income benefits. We affirm.

---

[1] The Honorable Thomas C. Mummert, III, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

# I. BACKGROUND

Gardner, who is now ten years old, was diagnosed with borderline intellectual functioning and attention deficit hyperactivity disorder. Gardner's application for supplemental security income benefits was denied. Pepper, on behalf of Gardner, sought review and was granted a hearing before an Administrative Law Judge (ALJ). At the hearing, Gardner, his mother, and two social workers testified regarding his condition, medication, and progress at school. They described Gardner as a slow learner with a short attention span and an inability to concentrate. The ALJ found the testimony credible, but stated:

> There does not appear that there are any significant age-appropriate activities that the claimant is unable to do. School records indicate he is capable of doing his work and he has improved with medication . . . . He is able to function in a normal classroom with resource assistance and does not require a more restrictive educational environment.

ALJ Decision, March 16, 2001, at 6.

The ALJ employed a three-step sequential test to determine the validity of the alleged disability. 20 C.F.R. § 416.924(a). The first step requires a determination of whether the child is engaged in substantial gainful activity. 20 C.F.R. § 416.924(b). The second step requires the ALJ a determination of whether the child's impairments are "severe." 20 C.F.R. § 416.924(c). The third step requires a determination of whether the child's impairments are medically or functionally equal in severity to the listed impairments set forth in the Commissioner's disability regulations, 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 416.924(d).

Since the ALJ found that Gardner had never engaged in substantial gainful activity, the evaluation moved to the second step. Under the second step, if the

impairments result in no more than minimal functional limitations, the impairments are not severe and the child is not disabled. Here, the ALJ found Gardner's impairments to be severe. Accordingly, the ALJ moved to the third step.

Under the third step, a child's impairment is medically equal to a listed impairment if it is at least equal in severity and duration to the medical criteria of the listed impairment. 20 C.F.R. § 416.926(a). A child's impairment is functionally equal to a listed impairment if there is an "extreme" limitation in one of six specific functional domains, or a "marked" limitation in at least two domains. 20 C.F.R. § 416.926a. Domain analysis considers the child's age-appropriate functioning in relation to: acquiring and using information, attending and completing tasks, interacting and relating with others, moving around and manipulating objects, caring for oneself, and health and physical well being. 20 C.F.R. § 416.926a(a)(1)(i)-(vi).

Ultimately, the ALJ concluded that while Gardner has severe impairments of borderline intellectual functioning and attention deficit hyperactivity disorder, Gardner does not have an impairment that is medically equal to a listed impairment. The ALJ further concluded that Gardner's impairments result in less than marked limitations in any of the six functional domains. Therefore, the ALJ denied the request for supplemental security income benefits. The district court affirmed the ALJ's decision and Gardner now appeals the denial of benefits.

## II. DISCUSSION

This court reviews a decision by an ALJ "to determine whether it is supported by substantial evidence on the record as a whole." Bailey v. Apfel, 230 F.3d 1063, 1065 (8th Cir. 2000); 42 U.S.C. § 405(g) (2003). Substantial evidence is relevant evidence that reasonable minds might accept as adequate to support the decision. Hunt v. Massanari, 250 F.3d 622, 623 (8th Cir. 2001). The issue on appeal is whether

there is substantial evidence to support the ALJ's determinations under the three-step sequential test.

We employ the same three-step sequential test as the ALJ to evaluate the evidence and the alleged disability. Because Gardner does not contest the ALJ's finding regarding substantial gainful activity, we bypass the first step. Under the second step, we agree that Gardner's impairments of borderline intellectual functioning and attention deficit hyperactivity disorder are severe. Consequently, the pivotal issue remains the third step, namely, whether there is substantial evidence in the record to support the finding that Gardner's impairments do not rise to the medical or functional level of severity necessary to equal a disability listed in Appendix 1of 20 C.F.R. § 404, Subpart P.

Gardner points out that the ALJ failed to address his impairments in relation to the specific criteria of mental retardation, under listing 112.05(D). 20 C.F.R. § 404, Subpt. P, App. 1, § 112.05(D). Gardner contends that this failure deprives our court of the ability to determine the rationale behind the ALJ's ruling, and, therefore, the ability to conduct an effective review. Although it is preferable that ALJs address a specific listing, failure to do so is not reversible error if the record supports the overall conclusion, as it does in this case. See Dunahoo v. Apfel, 241 F.3d 1033, 1037 (8th Cir. 2001) (holding a failure to explain why the claimant did not meet the listing for rheumatoid arthritis was not an error); Briggs v. Callahan, 139 F.3d 606, 609 (8th Cir. 1998) (stating that "although the ALJ did not specifically discuss [the] condition in the context of listing 112.05(D)," the record supported the conclusion).

Gardner specifically argues that his impairments are medically equal to the criteria set forth in 112.05(D): "A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant limitation of function." Id. Gardner's argument in this regard fails because he cannot demonstrate "an additional significant limitation." Attention

-4-

deficit hyperactivity disorder, when controllable by medication, cannot qualify as the required additional and significant limitation under 112.05(D).  See Briggs, 139 F.3d at 609 (holding the denial of benefits was supported by substantial evidence because the child's hyperactivity was not a significant limitation where it improved with medication); Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999) ("Impairments that are controllable or amenable to treatment do not support a finding of total disability.").  Because Gardner's teacher and mother stated that his behavior and attention improved with medication and behavioral counseling, his impairments do not reach the level of severity required to medically equal the criteria for mental retardation.

Gardner further argues that he is at least functionally equal to a listed impairment because he has marked limitations in two domains:  1) acquiring and using information, and 2) attending and completing tasks.  He is able to show, however, nothing more than a moderate limitation in either domain.  School records show that he is able to function in a normal classroom environment, that he is capable of doing his work, and that his overall condition is improving with medication and counseling.

Because we conclude that the ALJ's decision was supported by substantial evidence, we affirm the district court's order affirming the ALJ's denial of supplemental security income benefits.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-