COLLOTON, Circuit Judge,
dissenting.
To establish eligibility for social security disability benefits, Tammy Hesseltine was required to show that she met or equaled a listed impairment for intellectual disability in the governing regulations. See 20 C.F.R. § 404, Subp. P App. 1. The “required level of severity” for intellectual disability is met when a claimant has a *467 “valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.” Id. § 12.05C.
Unlike the administrative law judge in Chunn v. Barnhart, 397 F.3d 667, 671 (8th Cir.2005), who did not even mention listing 12.05C, or the ALJ in Scott ex rel. Scott v. Astrue, 529 F.3d 818, 822 (8th Cir.2008), who did not cite or reference any listing, the ALJ in this case expressly found that Hesseltine did not meet or equal listing 12.05C: “The severity of the claimant’s medical impairment does not meet or medically equal the criteria of listing 12.05. In making this finding, the undersigned has considered whether the ‘paragraph A, B, C, or D’ criteria are satisfied.” R. 19.
Hesseltine complains that the ALJ did not adequately explain her finding, but even the failure to address a specific listing, much less the non-binding POMS guidelines, “is not reversible error if the record supports the overall conclusion.” Pepper ex rel. Gardner v. Barnhart, 342 F.3d 853, 855 (8th Cir.2003); see Moore ex rel. Moore v. Barnhart, 413 F.3d 718, 721 n. 3 (8th Cir.2005). That an ALJ does not elaborate on her finding that a claimant’s impairments do not equal a listing does not require reversal if the record supports the ALJ’s overall conclusion. Karlix v. Barnhart, 457 F.3d 742, 746 (8th Cir.2006). “[A] deficiency in opinion-writing is not a sufficient reason for setting .aside an administrative finding where the deficiency had no practical effect on the outcome of the case.” Senne v. Apfel 198 F.3d 1065, 1067 (8th Cir.1999).
The ALJ’s decision must be supported by substantial evidence on the record as a whole — that is, less than a preponderance, but “enough that a reasonable mind would find it adequate to support the Commissioner’s conclusion.” McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir.2000). As the district court observed, the ALJ’s finding is “supported by a solid credibility analysis” that included reference to evidence of Hesseltine’s capacity to work.
Hesseltine’s full-scale IQ scores — 71 and 72 in 2005 and 2012, respectively — are above the listing’s IQ range of 60 through 70. To “equal” the IQ requirement, Hesseltine must present medical findings equal in severity to that lower IQ range. Sullivan v. Zebley, 493 U.S. 521, 531, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990). Hesseltine argues that her deficits in adaptive functioning and low scores on the Vineland Adaptive Behavior Scales support a finding of equivalence. But according to a consultative examination performed by Dr. Roger Mraz in 2005, Hesseltine’s “overall adaptive behavior skills were generally commensurate with her intellectual functioning.” At another consultative examination with Dr. Mraz in 2012, Hesseltine “presented no evidence of a thought disorder or perceptual abnormalities,” and denied experiencing anxiety or depression. Cf. Shontos v. Barnhart, 328 F.3d 418, 424 (8th Cir.2003) (relying on evidence from treating providers that claimant suffered from anxiety and depression).
Dr. Mraz concluded that Hesseltine had “a history of being a responsible worker,” and that she “should have no difficulty following simple instructions,” as long as she had “an employer who [understood] her cognitive and academic limitations.” Hesseltine’s former work supervisor at a laundry reported that she worked “better than most in the same position,” required “less supervision,” and demonstrated “some to a lot of independence.” The supervisor also rated as “good” Hesseltine’s ability to “understand and carry out simple (1 and 2 step) instructions and procedures” and to “concentrate and remain on task.” In a function report, Hesseltine stated that she was able to “prepare food all the time daily,” shop for food, and *468 perform “small amounts” of cleaning, laundry, and mowing.
A reasonable mind could find the record evidence adequate to buttress the ALJ’s determination that Hesseltine’s impairments do not medically equal listing 12.05C. Substantial evidence on the record as a whole supports a finding that Hesseltine does not suffer from other mental disorders that temporarily lowered her IQ or rendered her equal to a person with an IQ between 60 and 70. The POMS guidelines notwithstanding, physical disorders cannot support a finding of equivalence to the IQ requirement of listing 12.05C. See Zebley, 493 U.S. at 530 n. 8, 531, 110 S.Ct. 885; Kennedy v. Colvin, 738 F.3d 1172, 1177 (9th Cir.2013). I would therefore affirm the judgment.