# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2688

_____

| | | |
|---|---|---|
| James P. Brown, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa |
| Jo Anne B. Barnhart,[1] | * | |
| Commissioner of Social Security, | * | [PUBLISHED] |
| | * | |
| Defendant/Appellee. | * | |

_____

Submitted: February 15, 2001
Filed: March 7, 2002

_____

Before McMILLIAN and RILEY, Circuit Judges, and KORNMANN,[2] District Judge.

_____

KORNMANN, District Judge

_____

[1]Jo Anne B. Barnhart is substituted for former Acting Commissioner of Social Security Larry G. Massanari as appellee in this action pursuant to Fed. R. App. P. 43(c).

[2]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota, sitting by designation.

James P. Brown (Brown) appeals the district court's order granting the motion of the Commissioner to remand the case for additional administrative proceedings pursuant to 42 U.S.C. § 405(g). The Administrative Law Judge (ALJ) had denied Brown's claim for Social Security Disability Insurance benefits and Supplemental Security Income. Brown then filed this action in the district court requesting a review of the ALJ"s decision under 42 U.S.C. § 405(g). Brown argues that, because of inconsistencies between the record and the opinion of the ALJ, benefits must be granted based on the present state of the administrative record.

We review an appeal of the district court's order of remand for abuse of discretion, "which means that we will affirm unless no reasonable person could agree with the district court." Higgins v. Apfel, 222 F.3d 405, 505 (8th Cir. 2000) (internal citation omitted). In this case, the Commissioner sought remand in order to expand the record and reconcile apparent inconsistencies in the underlying agency decision.

We have reviewed the record before us and note that the district court specifically remanded the case to the Commissioner of Social Security "pursuant to sentence four of 42 U.S.C. § 405(g)." Sentence four provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The problem here is that the district court entered a summary order and did not affirm, modify or reverse the Commissioner's decision. In the absence of this, there would be no statutory "power" to remand pursuant to sentence four. The parties failed to consider or raise this before the district court or on appeal. We are nevertheless constrained by the plain terms of the statute.

The sixth sentence of 42 U.S.C. § 405(g) provides: "[t]he court may, on motion of the Commissioner . . . made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner . . . for further

action by the Commissioner . . ."  In this case, the Commissioner had already filed an answer and could therefore not have filed a motion to remand pursuant to the sixth sentence.

For the reasons stated, we reverse the order of remand of the district court and remand this case to the district court for further consideration of the matter pursuant to 42 U.S.C. § 405(g).

Unfortunately, the present appeal has caused further delay.  We reemphasize the district court's admonition regarding this matter which was pending before the Commissioner for far too long.  The Court of Appeals fully expects that, if this matter is again remanded to the Commissioner, the Commissioner will take very prompt action to resolve the issues raised by the order of remand.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.