# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 01-3679

———————

| | | |
|---|---|---|
| Fred R. Ronback, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| JoAnne B. Barnhart, Commissioner of | * | [UNPUBLISHED] |
| Social Security Administration, | * | |
| | * | |
| Appellee. | * | |

———————

Submitted: April 24, 2002

Filed: April 30, 2002

———————

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

———————

PER CURIAM.

Fred R. Ronback appeals the district court's order affirming the denial of disability insurance benefits. In his October 1995 application and later documents, Ronback alleged disability since October 1994 from a right-shoulder rotator-cuff tear, a ruptured lumbar disc requiring surgery, left-shoulder problems, and severe leg numbness. An administrative law judge (ALJ) issued an adverse opinion in 1996, and in 1998 the district court remanded after finding insufficient evidence to discount Ronback's allegations of pain and the need to lie down periodically, and error by the

ALJ in not considering the vocational expert's (VE's) response to a specific hypothetical.

After a second administrative hearing, another ALJ issued an adverse opinion in May 1999. He found that Ronback could not perform his past relevant work, but that he could perform certain jobs identified by a VE in response to a hypothetical the ALJ posed.

The district court determined that substantial evidence did not support the ALJ's credibility determination, and that the hypothetical did not fully account for Ronback's residual functional capacity. Nonetheless the district court affirmed. Specifically, after suggesting that the VE should have been asked about sedentary and physically undemanding work, jobs that could be done at home or hourly, and current experience with employers accommodating physical problems, the court implied that the VE would have identified specific sedentary jobs that Ronback could perform.

By undertaking such an analysis, however, the district court improperly engaged in initial fact-finding. See Jones v. Chater, 65 F.3d 102, 104 (8th Cir. 1995) (noting initial determinations of fact and credibility are for ALJ and must be set out in his opinion). Under 42 U.S.C. § 405(g), the court was authorized only to review the ALJ's fact-finding to determine whether it was supported by substantial evidence. After finding that substantial evidence did not support the ALJ's decision, the court was statutorily authorized only to reverse, with or without remanding to the Commissioner. See 42 U.S.C. § 405(g) (explaining power of courts in judicial review of social security cases); cf. Brown v. Barnhart, 282 F.3d 580, 581-82 (8th Cir. 2002) (remanding where district court failed to state whether it was affirming, modifying, or reversing, as there was no other statutory power to remand to Commissioner; courts are constrained by plain terms of statute).

Accordingly, we remand to the district court for further consideration of this matter--which now has been pending for almost six years--pursuant to 42 U.S.C. § 405(g). Cf. id. at 582 (reeemphasizing district court's admonition that matter had been pending before Commissioner far too long, and expressing expectation of prompt action should district court remand).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.