# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-3781

_____

Joyce Holland,                                    *
                                                  *
            Appellant,                            *
                                                  *    Appeal from the United States
     v.                                           *    District Court for the
                                                  *    Eastern District of Arkansas.
Kenneth S. Apfel, Commissioner,                   *
Social Security Administration,                   *
                                                  *
            Appellee.                             *
                                                  *


_____

Submitted: April 15, 1998
Filed: August 12, 1998

_____

Before FAGG and HANSEN, Circuit Judges, and STROM[1], District Judge.

_____

HANSEN, Circuit Judge.

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

Joyce Holland appeals the district court's[2] grant of summary judgment to the Social Security Administration, which affirmed the Commissioner's decision to deny her application for Disability Insurance Benefits and Supplemental Security Insurance. We affirm.

We review the Commissioner's denial of benefits by considering whether substantial evidence supports the Commissioner's decision. See Young ex rel. Trice v. Shalala, 52 F.3d 200, 202 (8th Cir. 1995). Our review does not weigh the evidence to determine that a preponderance supports one result or the other; rather, we ask whether "a reasonable mind would conclude that the evidence is adequate to support the decision," Rucker for Rucker v. Apfel, 141 F.3d 1256, 1259 (8th Cir. 1998), but "we must consider evidence that detracts from the Commissioner's decision, as well as evidence that supports it." Briggs v. Callahan, 139 F.3d 606, 608 (8th Cir. 1998). Accordingly, the salient points in the record follow.

Holland filed for benefits in June 1992, alleging disability due to a back injury, hypertension, hot flashes, and a damaged left wrist. Holland had suffered a work-related back injury for which she collected worker's compensation during the nine months just prior to her filing for benefits. While away from work recuperating from the back injury, Holland fell and broke her wrist, for which she required surgery. Holland also claimed she suffered from depression and that she had attempted suicide on two occasions. Holland admitted herself to the hospital in November 1993 for treatment of chest pains. She was discharged after five days. During the application process for benefits, she was given a mental examination and diagnosed with an IQ of 69. The record has contradictory evidence regarding each of these alleged impairments. Following a hearing, an Administrative Law Judge (ALJ) found that she

---

[2]The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, trying the case by consent of the parties pursuant to 28 U.S.C. §636(c) (1994).

had a severe combination of impairments, including borderline mental retardation, based on an IQ score of 69; mild depression, treatable with antidepressants; a history of lower back strain, with no residual effects; and a medical history which included both a wrist fracture and a hysterectomy accompanied by hormone treatment, neither of which had residual effect. Nevertheless, the ALJ found that the combination did not meet or equal a listed impairment, and that Holland had sufficient residual functional capacity to perform the kind of work she had performed in the past. Accordingly, the Commissioner denied her application for benefits.

On appeal, Holland claims she meets the requirements for being found disabled, and that the contrary decision of the ALJ is not supported by substantial evidence in the record. Specifically, she asserts that she meets the listing at 20 C.F.R. pt. 404, subpt. P, app. 1, §12.05. A claim for benefits based on a mental disorder is governed by §12, and the listing at §12.05 directly addresses mental retardation. An IQ in the range of 60-70 meets the required level of severity to authorize benefits only in combination with "a physical or other mental impairment imposing additional and significant work-related limitation of function;" see id. §12.05(C), or when the condition results in a marked inability for the claimant to function day-to-day. See id. §12.05(D). Holland claims she meets the standard of §12.05(C): an IQ in the required range and another impairment.

Holland's tested IQ falls in the range specified in the listing at §12.05(C). An IQ test is useful in determining whether an applicant has a mental impairment, but other information in the record which indicates the individual's ability to function can be used to discredit the lone IQ score. See id. §12.00(D); see also Mackey v. Shalala, 47 F.3d 951, 953 (8th Cir. 1995)(other evidence in record can be examined to discredit IQ indicative of mild mental retardation). The ALJ noted several inconsistencies regarding Holland's mental capabilities which tended to discount the validity of her IQ scores. We need not address this factual dispute, since an IQ of 69 by itself does not qualify as a listed mental impairment. We assume without deciding, as did the ALJ, that the

3

IQ test accurately described Holland's mental capacity, and we examine the remaining evidence to see whether her other alleged impairments, when combined with an IQ of 69, were sufficient to find her disabled.

The physician who treated Holland's back injury cleared her to return to work with no disability rating on May 26, 1992, three weeks before she filed for disability. On June 5, 1992, the physician who had treated her wrist fracture recognized a twenty percent permanent loss of function in her left hand due to the injury, but nonetheless cleared her to return to work on June 8, one week before she filed the benefits claim. The only recommended restriction on her work was that she use a wrist lacer when lifting heavy objects. Although medical evidence does show that Holland was prescribed a mild antidepressant after her mother's death, no evidence reflects ongoing treatment for depression, or that she had ever sought treatment for her two asserted suicide attempts. The diagnoses which arose from her hospitalization for chest pain indicated no evidence of heart disease or other circulatory disorders. This evidence supports the ALJ's conclusion that Holland has no significant work-related injury which would satisfy the second prong of §12.05(C).

We conclude that substantial evidence supports the ALJ's conclusion that Holland does not satisfy the requirements for a listed impairment, and that she remains capable of performing the kind of work she performed in the past. The ALJ properly denied Holland disability benefits. Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

4