# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3856

_____

Tanya Buckner,                 *

                                *

        Appellant,       *

                                *   Appeal from the United States

     v.                    *   District Court for the

                                *   Eastern District of Arkansas.

Kenneth S. Apfel, Commissioner,  *

Social Security Administration,    *

                                *

        Appellee.        *

_____

Submitted: April 12, 2000

Filed: May 22, 2000

_____

Before WOLLMAN, Chief Judge, MAGILL, Circuit Judge, and FRANK,[1] District Judge.

_____

WOLLMAN, Chief Judge.

Tanya Buckner appeals from the district court's order to remand for further administrative proceedings her application for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. We reverse and remand.

_____

[1] The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, sitting by designation.

Buckner was born on January 21, 1970, and has a high school education, although most of her classes were special education courses. Her work experience includes that of a maid, janitor, and caretaker in a daycare facility. Buckner filed the current application for supplemental security income benefits on August 24, 1994, alleging as an onset disability date the date of her birth. In her application, Buckner stated that she was "not certain" of the basis of her disability. She did, however, indicate that she had received childhood disability benefits and, in a subsequent submission, reported that her impairments included depression, anxiety, and the "need [for] IQ testing."

The Social Security Administration denied Buckner's application initially and again on reconsideration. Buckner then requested and received a hearing before an Administrative Law Judge (ALJ). The ALJ evaluated Buckner's claim according to the five-step sequential analysis prescribed by the social security regulations. See 20 C.F.R. §§ 404.1520(a)-(f); see also Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987) (describing five-step analysis). At steps one and two, the ALJ determined that Buckner had not engaged in substantial gainful activity at any time relevant to the decision and that she suffered from a severe impairment, mild mental retardation. At step three, the ALJ found that her impairment was not listed in or medically equal to those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, and thus did not give rise to a conclusive presumption of disability. At step four, the ALJ determined that Buckner possessed the residual functional capacity to perform work as a janitor or maid, which the ALJ deemed to be past relevant work. The ALJ therefore concluded that Buckner was not disabled and found it unnecessary to determine whether she could perform other work within the national economy, as is considered at step five.

The Appeals Council denied Buckner's request for further review, thus making the ALJ's decision the final decision of the Commissioner. Buckner then sought review in the district court, asking the court to reverse the Commissioner's denial of benefits. The Commissioner answered Buckner's complaint and shortly thereafter filed a motion to remand her claim pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative action. The Commissioner stated that remand was necessary to further evaluate Buckner's ability to perform past relevant work. In her response, Buckner likewise urged the court to order a "sentence four" remand, but additionally requested that the court in its remand order make a finding of disability and remand for calculation of benefits only or, alternatively, that the order direct the Commissioner to reconsider several findings made by the ALJ, not only whether Buckner could perform past relevant work.

The district court issued an order to remand for further consideration of Buckner's ability to perform past relevant work, but stated that such remand was pursuant to sentence six of 42 U.S.C. § 405(g) rather than sentence four. Buckner appeals, contending that the court erred in issuing a sentence six remand and also in failing either to make a disability finding or to expand the scope of the remand. The Commissioner joins Buckner in arguing that the district court improperly based its remand order on sentence six, but supports the court's findings regarding the substantive scope of the remand.

**II.**

We consider first whether the district court erred in granting a sentence six, rather than a sentence four, remand. Section 405(g), which governs judicial review of final decisions made by the Commissioner, authorizes only two types of remand orders: (1) those made pursuant to sentence four, and (2) those made pursuant to sentence six. See Melkonyan v. Sullivan, 501 U.S. 89, 98-99 (1991); Hafner v. Sullivan, 972 F.2d 249, 250-51 (8th Cir. 1992). Sentence four, by its terms, authorizes a court to enter "a

-3-

judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). A sentence four remand is therefore proper whenever the district court makes a substantive ruling regarding the correctness of a decision of the Commissioner and remands the case in accordance with such a ruling. See Melkonyan, 501 U.S. at 98.

Sentence six, in contrast, authorizes a remand in only two limited situations: (1) where the Commissioner requests a remand before answering the complaint of a claimant seeking reversal of an administrative ruling, or (2) where new and material evidence is adduced that was for good cause not presented during the administrative proceedings. See 42 U.S.C. § 405(g); Shalala v. Schaefer, 509 U.S. 292, 297 n.2 (1993); Woolf v. Shalala, 3 F.3d 1210, 1215 (8th Cir. 1993). The first of these situations distinguishes a sentence six remand from a sentence four remand based on timing, while the second situation does so based on substance. See Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990) (noting that sentence six authorizes an "entirely different kind of remand" than sentence four). This substantive distinction insures that a remand pursuant to the second part of sentence six concerns only new and material evidence and "does not rule in any way as to the correctness of the administrative proceeding," as does a sentence four remand. Melkonyan, 501 U.S. at 98; see Finkelstein, 496 U.S. at 626.

Viewing the district court's remand order in light of the various attributes of sentence four and sentence six remands, we conclude that the court erred by basing its remand on sentence six. As an initial matter, neither of the conditions under which a sentence six remand is appropriate is present in this case. The Commissioner did not file the motion to remand until after filing his answer, and neither the district court in its remand order nor the parties in their submissions have pointed to any newly discovered evidence that is material to Buckner's claim. See Schaefer, 509 U.S. at 297 n.2. Rather, the apparent purpose of the remand was to prompt additional factfinding

and further evaluation of existing facts, neither of which is an action that supports a sentence six remand.  See Finkelstein, 496 U.S. at 626.

Conversely, we believe that the district court's remand order meets the substantive requirements of sentence four.  Although the district court stated in its order that it was "not making any ruling based on the correctness of the Commissioner's decision" and thus was not issuing a sentence four remand, the substance of its order--the reconsideration of Buckner's ability to perform past relevant work--demonstrates that it was, in essence, evaluating the propriety of the Commissioner's denial of benefits.  The court's order effectively called into question a substantive aspect of the Commissioner's decision and ordered the Commissioner to give further consideration to this issue.  Such an order sufficiently implicates the merits of the Commissioner's decision to bring it within sentence four.  See Welter v. Sullivan, 941 F.2d 674, 675 (8th Cir. 1991).

Finally, our case law supports the conclusion that the district court's remand order was more properly governed by sentence four than sentence six.  In Welter, we suggested that remand orders that do not expressly affirm, modify, or reverse a decision of the Commissioner but rather direct him to cure some specific defect in the administrative proceeding, such as the ALJ's failure to develop the record or to properly evaluate the evidence, are nonetheless sentence four remands.  See 941 F.2d at 675; see also Hafner, 972 F.2d at 251 (reaffirming Welter).  The remand order in this case is indistinguishable from those in Welter.  See 941 F.2d at 675.  Accordingly, the district court should have remanded the case pursuant to sentence four, rather than sentence six, of 42 U.S.C. § 405(g).

## III.

We next must determine the proper scope of the sentence four remand.  Buckner urges us to find that she is disabled and to remand merely for purposes of calculating

her disability award or, alternatively, to order the Commissioner to reconsider on remand several findings made by the ALJ.  The Commissioner, on the other hand, argues that a finding of disability at this time would be improper and that all of the Commissioner's findings, except that regarding Buckner's ability to return to past relevant work, are supported by substantial evidence and thus should not be revisited on remand.

## A.

We consider first whether a finding of disability would be proper at this time. Ordinarily, when a claimant appeals from the Commissioner's denial of benefits and we find that such a denial was improper, we, out of "our abundant deference to the ALJ," remand the case for further administrative proceedings.  Cox v. Apfel, 160 F.3d 1203, 1210 (8th Cir. 1998).  Consistent with this rule, we may enter an immediate finding of disability only if the record "overwhelmingly supports" such a finding. Thompson v. Sullivan, 957 F.2d 611, 614 (8th Cir. 1992); see Fowler v. Bowen, 866 F.2d 249, 253 (8th Cir. 1989); Talbott v. Bowen, 821 F.2d 511, 514 (8th Cir. 1987).

Buckner asserts various reasons why she believes an immediate finding of disability is warranted.  Her strongest argument, and the only one we think merits discussion, is that the record demonstrates that her impairments meet the listing at 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05(C), thus giving rise to a conclusive presumption of disability.  See Yuckert, 482 U.S. at 141 ("If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.").  Section 12.05(C) provides that mental retardation is sufficiently severe to constitute a listed disability when the claimant has:  (1) "[a] valid verbal, performance, or full scale IQ of 60 through 70," and (2) "a physical or other mental impairment imposing additional and significant work-related limitation of function."  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(C).  A physical or other mental impairment is sufficient to satisfy the second part of this test when such impairment "has a 'more than slight or

minimal' effect on [the claimant's] ability to perform work." Sird v. Chater, 105 F.3d 401, 403 (8th Cir. 1997) (quoting Cook v. Bowen, 797 F.2d 687, 690 (8th Cir. 1986)).[2] The Commissioner concedes that Buckner satisfies the IQ portion of this test, but contends that there is no evidence that her ability to work is limited by an additional impairment.

After conducting an independent review of the record, we find that although there may be some evidence that Buckner suffers from a physical or additional mental impairment that limits her ability to work, such evidence is certainly not so overwhelming as to warrant an immediate disability finding. As an initial matter, there is little evidence that Buckner suffers from a limiting physical impairment, and the evidence that does exist is controverted by other credible evidence. For example, Buckner asserts that she suffers from obesity, periodic headaches, some dizziness, and sore hands. However, Dr. Norman Pledger, who conducted a full physical examination of Buckner in April of 1994, found that she possessed a normal range of motion in all major joints and had no other cognizable physical limitation. Also, Buckner's employment history, although not extensive, suggests that her ability to work is not more than slightly affected by any physical impairments that she may have. See Holland v. Apfel, 153 F.3d 620, 622 (8th Cir. 1998); Box v. Shalala, 52 F.3d 168, 171 (8th Cir. 1995).

The record also contains little evidence that Buckner suffers from any mental impairment in addition to her low IQ, or mild mental retardation. Buckner cites numerous psychological tests that she has undergone since 1986 and contends that these demonstrate that she has a learning disability, lacks good judgment, has difficulty

---

[2]Contrary to Buckner's assertion, we did not hold in Sird that the second part of section 12.05(C) focuses only on whether a claimant can return to past relevant work. See Sird, 105 F.3d at 403-04; see also Bryant ex rel. Bryant v. Apfel, 141 F.3d 1249, 1252 (8th Cir. 1998).

concentrating and reasoning, cannot speak clearly, and is unable to get along with other people.  However, most of these asserted impairments are merely symptoms or manifestations of Buckner's mental retardation and thus cannot satisfy her obligation to show an additional impairment that meets the second part of section 12.05(C).  As for those alleged impairments that may be distinct from Buckner's mental retardation, such as Buckner's speech deficiency and inability to relate well with other people, we cannot say with confidence that such impairments are sufficiently severe to limit her ability to work.  Indeed, the record contains credible evidence refuting the severity of these alleged impairments.  Dr. Pledger, for example, stated that he had no difficulty understanding Buckner's speech, and Dr. William Owens, who conducted a mental health assessment of Buckner, found that she related well to him, demonstrated no signs of a personality disorder, and had no history of psychiatric treatment.  See Holland, 153 F.3d at 622; Rucker *ex rel.* Rucker v. Apfel, 141 F.3d 1256, 1260 (8th Cir. 1998).

We therefore conclude that the evidence of Buckner's alleged physical and other mental impairments, even when such impairments are considered together, is not so overwhelming as to support an immediate finding of disability under section 12.05(C).

**B.**

Finally, we consider whether the sentence four remand of Buckner's application should be limited to her ability to engage in past relevant work or whether it should also encompass other findings made by the ALJ.  We may reverse and remand findings of the Commissioner only when such findings are not supported by substantial evidence on the record as a whole.  See Clark v. Apfel, 141 F.3d 1253, 1255 (8th Cir. 1998).  "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion."  Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000).  In determining whether existing evidence is substantial, we consider "evidence that detracts from the Commissioner's decision

-8-

as well as evidence that supports it." <u>Warburton v. Apfel</u>, 188 F.3d 1047, 1050 (8th Cir. 1999).

**1.**

Initially, we agree with the district court that remand is appropriate regarding Buckner's ability to perform past relevant work, as this finding is not supported by substantial evidence. In conducting his analysis at step four, the ALJ found that Buckner had performed past relevant work as a maid and a janitor and that she was functionally able to return to such work. The existing evidence, however, does not support the ALJ's finding that Buckner performed past relevant work as either a maid or janitor.

To constitute past relevant work, a claimant must have performed the work as "substantial gainful activity." <u>See</u> 20 C.F.R. § 416.965(a); <u>Terrell v. Apfel</u>, 147 F.3d 659, 661 (8th Cir. 1998). Here, the ALJ specifically found at step one that Buckner had not engaged in substantial gainful activity at any time relevant to the ALJ's decision. Moreover, the record suggests that Buckner's employment at "Maid Your Day," the only maid work evidenced in the record, and Easter Seals, the only janitor work so evidenced, may have produced insufficient income to be considered substantial gainful activity without further development of the record regarding these jobs. <u>See</u> 20 C.F.R. § 416.974(b)(3)(vii). Thus, the ALJ's conclusion that Buckner could perform past relevant work, and the ALJ's resultant finding that she was not disabled, are not supported by substantial evidence. Accordingly, remand is necessary for additional evaluation of existing evidence and for further development of the record regarding Buckner's ability to perform past relevant work.

Additionally, we note that if on remand the ALJ finds that Buckner has performed no past relevant work or that she is unable to perform any past relevant work, the ALJ should, of course, proceed to step five. In conducting the step five

analysis, however, the ALJ may not rely on the vocational expert testimony that was adduced during the initial administrative proceeding.[3]  Instead, the ALJ should posit a new hypothetical that is consistent with the ALJ's additional findings on remand, including, but not limited to, his findings regarding Buckner's past relevant work, if any, and her ability to perform that and other work.

## 2.

Finally, we agree with the district court that remand should be limited to the reconsideration of step four (and step five, if necessary), and should not encompass other issues Buckner urges to be reconsidered on remand.  First, as our prior discussion suggests, we are satisfied that the ALJ's conclusion that Buckner's impairments do not meet the section 12.05(C) listing is supported by substantial evidence and thus does not merit reconsideration.  Second, we are not persuaded that the ALJ failed to adequately develop the record.  Although the ALJ may not have required Buckner to undergo every available psychological test, the record contains ample evidence regarding Buckner's mental impairment and the functional impact of that impairment.  See Warburton, 188 F.3d at 1051 (ALJ's failure to order additional mental examination not improper where record contained medical reports and testimony regarding claimant's condition).  Third, we are satisfied that the ALJ properly discounted the testimony of Buckner's mother and step-uncle under Rautio v. Bowen, in which we held that an ALJ, when assessing witness credibility, may consider whether a witness will gain financially by the claimant's receipt of benefits.  See 862 F.2d 176, 180 (8th Cir. 1988); see also Ownbey v. Shalala, 5 F.3d 342, 345 (8th Cir. 1993).  Although the ALJ did not specifically state that Buckner's mother and step-uncle were motivated by financial

---

[3]Although the ALJ did not proceed to step five in reaching his decision to deny Buckner benefits, the ALJ did elicit testimony from a vocational expert regarding which jobs, if any, a person with Buckner's functional limitations could perform in the national economy.

-10-

considerations, we think that this is the clear import of the ALJ's finding, as he stated that they were motivated by "a desire to see [Buckner] obtain benefits" and then cited Rautio.

The district court's order is reversed, and the case is remanded to the district court with instructions to remand it to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.