Barbara J. BOYLE, Plaintiff,

v.

William A. HALTER, Commissioner
of Social Security, Defendant.[1]

No. 00–398 (JRT/AJB).

United States District Court,
D. Minnesota.

March 29, 2001.

Ethel Schaen, Schaen Law Office, St. Paul, MN, for plaintiff.

Roylene A. Campeaux, Assistant United States Attorney, Office of the United States Attorney, Minneapolis, MN, for defendant.

## ORDER

TUNHEIM, District Judge.

Plaintiff brings this action against the Commissioner of Social Security (the "Commissioner") seeking judicial review of the denial of her application for a period of disability and for disability insurance benefits. Plaintiff filed a motion for summary judgment seeking reversal of the Commissioner's final decision and an award of benefits while the Commissioner filed a motion to remand for further administrative proceedings.[2]

This matter is now before the Court on the Commissioner's objections to the Report and Recommendation of Magistrate Judge Arthur J. Boylan dated January 8, 2001. The Magistrate Judge recommended that the Court grant plaintiff's motion for summary judgment, thereby reversing the Commissioner's decision and awarding benefits. The Court has reviewed *de novo* the objections to the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.1(c)(2). For the reasons that follow, the

---

1. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, William A. Halter is automatically substituted for Kenneth S. Apfel as the defendant in this civil action.

2. Because the Commissioner filed an answer to plaintiff's complaint, the Commissioner's motion for a remand is made pursuant to sentence four rather than sentence six of 42 U.S.C. § 405(g). *See* 42 U.S.C. § 405(g) (sentence six remand proper where motion is made prior to filing an answer); *see also Buckner v. Apfel*, 213 F.3d 1006, 1010 (8th Cir.2000) (explaining that timing distinguishes the first sentence six remand from a sentence four remand).

Court grants defendant's motion to remand.

## BACKGROUND

Plaintiff applied for disability insurance benefits on November 18, 1996, alleging she had been disabled since March 14, 1995, due to the residual effects of a stroke she suffered on February 18, 1995. Plaintiff was 59 years old at the time of her claimed onset of disability. Plaintiff's application was denied both initially and on reconsideration by the Social Security Administration ("SSA"). Plaintiff appealed the decision to an Administrative Law Judge ("ALJ") and a hearing was held on April 23, 1998. Plaintiff was 62 years old at the time of the hearing. Appearing and testifying at the hearing were: 1) plaintiff; 2) Dr. James Hammarsten, an independent medical expert; and 3) Mary Harris, an independent vocational expert.

On July 27, 1998, the ALJ issued his decision concerning plaintiff's application for benefits. Following the well-established five-step sequential disability analysis codified in the regulations at 20 C.F.R. § 404.1520(a)—(f), the ALJ made the following determinations. At step one, the ALJ concluded that plaintiff had not engaged in substantial gainful activity since the time of the alleged disability. At steps two and three, the ALJ determined that plaintiff suffered from a series of severe impairments,[3] but that none of her impairments were listed in or medically equal to those impairments listed in 20 C.F.R.. Part 404, Subpart P, Appendix 1 that would give rise to a presumption of disability. At step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform less than the full range of light work. Finding that plaintiff could not perform her past relevant work as an insurance sales manager, insurance agent, or insurance salesperson, the ALJ proceeded to step five to determine whether plaintiff could perform other work.

In determining whether plaintiff could do other work consistent with her RFC, age, education and past work experience, the ALJ found that, at 62, plaintiff was an individual "closely approaching retirement age." At the time of the hearing, the applicable regulation relating to persons in this category, provided:

> If you are close to retirement age (60–64) and have a severe impairment, we will not consider you able to adjust to sedentary or light work unless you have skills which are **highly marketable.**

20 C.F.R. § 404.1563(d) (emphasis added).

Although the vocational expert specifically asked the ALJ whether, given plaintiff's age, he wanted testimony on whether plaintiff's skills were "highly marketable," the ALJ's response was "no."[4] The ALJ

---

**3.** Specifically, the ALJ determined that plaintiff's impairments included a history of stroke, cardiac phlebitis, a bicuspid aortic valve impairment, ventricular hypertrophy, hypertension, depression and anxiety. Although there was also evidence of constipation, an impairment of both knees due to a fall and a rectal prolapse, the ALJ determined that these impairments were not severe.

**4.** The precise testimony provides:

Q: (By Administrative Law Judge): Could—well, if she's going to do any other work—well how—

A: (VE): She has transferable skills.

Q: Okay. Transferable little or no, transferability—well, wait a minute. We would be in the—well after we get to 60 we'd have little or no transferability?

A: Right. Well, no. What—you—mean—

Q: 45 to 50 at light

A: —**highly marketable?**

Q: **No.** 45 to—I think at light. At light from 45 to 50 we don't have any particular problems, but if we get to 60 then we've got little—

A: Vocational adjustment.

Q: —little or no vocational adjustment—

A: Correct.

thus concluded that plaintiff's skills, which included computer skills and knowledge of office machines, were transferable with little or no vocational adjustment to general clerical work. Finding significant numbers of general clerical worker positions in the regional economy, the ALJ concluded that plaintiff was "not disabled" and denied plaintiff's claim.

On November 16, 1998, four months after the ALJ rendered its decision unfavorable to plaintiff, the Eighth Circuit decided *Kerns v. Apfel*, 160 F.3d 464 (8th Cir.1998). In *Kerns*, the Eighth Circuit, interpreting 20 C.F.R. § 404.1563(d), held that to find skills transferable for individuals closely approaching retirement age (60–64), an ALJ must first determine whether those skills are "highly marketable." *Id.* at 1469. On March 11, 1999, SSA issued Acquiescence Ruling 99–2(8) ("AR 99–2(8)") which provided that SSA would apply the *Kerns* decision to all cases pending at any level of administrative review. *See* 62 FR 12205 (March 11, 1999) (stating that "[t]his Ruling applies to determinations or decisions at all administrative levels i.e., initial, reconsideration, Administrative Law Judge (ALJ) hearing and Appeals Council").

On December 29, 1999, despite the plain language of 20 C.F.R. § 404.1563(d), *Kerns*, and AR 99–2(8), the Appeals Council denied review of plaintiff's claim, making the ALJ decision the final decision of the Commissioner. *Shelton v. Chater*, 87 F.3d 992, 995 (8th Cir.1996). Plaintiff timely commenced this civil action within the 60–day statutory period required under 42 U.S.C § 405(g).

## ANALYSIS

Rather than file a cross-motion for summary judgment that the ALJ's decision denying plaintiff's application for benefits is supported by substantial evidence, the Commissioner moves the Court to remand this case for a determination whether plaintiff's skills are highly marketable.[5] Specifically, the Commissioner acknowledges that the Appeals Council should have reviewed and remanded plaintiff's case in light of both *Kerns* and, in particular, AR 99–2(8). Thus, although the current regulations have changed,[6] the Commissioner believes that, in fairness to plaintiff, its error should be corrected and remanded for a determination whether plaintiff's skills are highly marketable.

The Court agrees that a remand is appropriate under the facts and circumstances of this case. It is clear that on the date of the Appeals Council's action, both *Kerns* and AR 99–2(8) were in effect and that "highly marketable" was the applica-

Tr. 96–97 (emphasis added). According to the Commissioner, it was not the policy of the SSA at the time of the ALJ's hearing to apply the highly marketable standard to determine transferability of skills for persons closely approaching retirement age.

5. In her motion for summary judgment, plaintiff also contends that the ALJ erred in failing to determine whether plaintiff's skills were highly marketable under 20 C.F.R. § 404.1563(d).

6. On April 6, 2000, SSA revised 20 C.F.R. § 404.1563(d), removing the "highly marketable" language from the regulation and creating a new regulation, codified at 20 C.F.R.

§ 404.1568(d)(4), which provides, in relevant part:

If you are closely approaching retirement age (age 60–64) and you have a severe impairment(s) that limit you to no more than light work, we will find that you have skills that are transferable to skilled or semiskilled light work **only if the light work is so similar to your previous work that you would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry.** (Emphasis added.) Also on April 6, 2000, SSA rescinded AR 99–2(8), effective May 8, 2000.

ble standard for persons, like plaintiff, who were "closely approaching retirement age."[7] It is also clear that the ALJ did not make any findings whether plaintiff's skills were highly marketable, as evidenced by the hearing transcript, in which the ALJ expressly declined to receive such testimony from the vocational expert.

While this case is quite out of the ordinary, the Court believes that, given the circumstances, plaintiff should obtain the benefit of the law at the time her case was still pending at the administrative level. For these reasons, the Court remands the case for further administrative action. The ALJ is directed to obtain vocational expert testimony to determine whether plaintiff's skills were "highly marketable."[8]

## ORDER

Based on the foregoing, the submissions of the parties, and all of the files, records, and proceedings herein, the Court **SUSTAINS** defendant's objections [Docket No. 13] and **REJECTS** the Report and Recommendation of the Magistrate Judge [Docket No. 12].

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Summary Judgment [Docket No. 5] is **DENIED**.
2. Defendant's Motion for Remand [Docket No. 10] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

7. The Appeals Council's December 29, 1999 denial of review expressly notes that "Social Security Administration regulations provide that the Appeals Council will grant a request for review where ... there is an error of law." Nonetheless, the decision provides:

The Appeals Council has concluded that there is no basis under the above regulations for granting your request for review. Accordingly, your request is denied and the Administrative Law Judge's decision stands as the final decision of the Commissioner of Social Security in our case. **In reaching this conclusion, the Appeals Council has considered the applicable statutes, regula-** tions, and rulings in effect as of the date of this action.
(Emphasis added.)

8. Because the Court remands this case for a determination of the transferability of plaintiff's skills under the "highly marketable" standard, the Court need not address the other issues raised in defendant's objections. *See Kerns v. Apfel,* 160 F.3d 464, 469 (8th Cir. 1998) (declining to address additional arguments raised by plaintiff in motion for summary judgment in light of need to remand for determination whether plaintiff's skills were highly marketable).