# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3824

_____

Luebertha Ingram,        *
                                   *
          Appellant,      *
                                   *
        v.                   *     Appeal from the United States
                                   *     District Court for the
JoAnne B. Barnhart,      *     Eastern District of Arkansas.
Commissioner, Social      *
Security Administration,     *
                                   *
          Appellee.       *

_____

Submitted: June 28, 2002
       Filed: September 10, 2002

_____

Before HANSEN, Chief Judge, BRIGHT and MURPHY, Circuit Judges.

_____

HANSEN, Circuit Judge.

I.

This is Luebertha Ingram's second appeal from the Commissioner's decision denying her application for disability insurance benefits and supplemental security income. See Ingram v. Chater, 107 F.3d 598 (8th Cir. 1997). In our prior decision, we ruled that the administrative law judge (ALJ) erred in concluding that Ingram was

not disabled based on her obesity.[1] At the time of the decision, Listing 9.09, the obesity listing, required Ingram to show a "'[h]istory of pain and limitation of motion in any weight-bearing joint or the lumbosacral spine (on physical examination) associated with findings on medically acceptable imaging techniques of arthritis in the affected joint or lumbosacral spine.'" Ingram, 107 F.3d at 601 (quoting 20 C.F.R. pt. 404, subpt. P, app. 1 § 9.09A). As a matter of first impression in this circuit, we held that a claimant satisfied the showing required by the listing if she was able to "demonstrate only a minimal amount of pain, limitation of motion and x-ray evidence of arthritis." Id. at 603 (emphasis added). We remanded in light of our holding for the ALJ to determine (1) whether Ingram had presented "some x-ray evidence of arthritis in her knees," and (2) whether Ingram had demonstrated a history of pain and limitation, and "any amount of evidence of arthritis," in her spine. Id. at 604 (internal quotations omitted). Our mandate issued in April 1997.

On remand, the ALJ issued a decision in February 1998 once again denying Ingram's claim that her obesity was a disabling condition. He found that Ingram had a history of pain and limitation of motion in her lower back but denied benefits under Listing 9.09 because Ingram had not shown "radicular evidence of actual arthritis in either the knees or the lumbarsacral spine." (Appellant's Add. at 6.) Even though x-rays from 1993 demonstrated degenerative changes and sclerosis of the facets in Ingram's spine, the ALJ reasoned that "radicular corroboration is necessary in order to prevent the perpetuation of fraud upon the government." (Id.) The ALJ gave no explanation of his "radicular evidence" or "radicular corroboration" requirement, but he apparently sought to impose, in addition to some x-ray evidence of arthritis, a further showing of pain radiating from the affected joint or spine to insure that the arthritic condition present was genuine.

---

[1]A more detailed history of the events preceding this appeal can be found in our prior opinion.

Ingram appealed the ALJ's decision to the Appeals Council. While her appeal was pending before the Council, the Commissioner deleted Listing 9.09 from the list of qualifying impairments and replaced it with more restrictive guidance governing claims of disabling obesity. See Revised Medical Criteria for Determination of Disability, Endocrine System and Related Criteria, 64 Fed. Reg. 46,122, 46,123 (Aug. 24, 1999). The new regulations became effective October 25, 1999. In May 2000, the Commissioner issued Social Security Ruling 00-3p to clarify how the new obesity regulations affected the determination of claims involving obesity. The ruling provided, in relevant part, that the new rules applied to all disability claims filed before the effective date of the rule change, including those pending judicial appeal. See 65 Fed. Reg. 31,039, 31,042 (May 15, 2000). Seven months after the clarifying ruling, and nearly three years after the ALJ's decision on remand, the Appeals Council denied Ingram's request for further review but did not indicate whether it applied Listing 9.09 or the new regulations in doing so.

Ingram then appealed the Commissioner's denial of benefits to the district court, arguing that the denial was unsupported by substantial evidence. After Ingram filed her brief, the Commissioner filed a motion to remand Ingram's appeal to the agency so that it could reevaluate Ingram's existing x-rays and related reports and enlist an orthopedic expert to once again determine whether she satisfied Listing 9.09 "during the period [the listing] was still in effect." (Commissioner's Motion to Remand, Dist. Ct. Docket Entry 13 at 1). In opposition, Ingram urged that an outright award of benefits under Listing 9.09 would be the most appropriate relief, not a remand. Despite the fact that both parties' proceeded on the basis that Listing 9.09 continued to apply, the district court reasoned that Ingram's appeal was no longer germane because Social Security Ruling 00-3p identified the Commissioner's intent to apply the new obesity regulations to Ingram's pending claims. The district court therefore ordered the case remanded to the agency for further proceedings under the new obesity rules. Ingram appeals.

3

## II.

Ingram argues that the district court erred in remanding her claims to the Commissioner for further proceedings. She contends that there was some evidence in the record showing arthritis in her knees and spine, thus satisfying the "minimal amount" of evidence requirement we previously adopted in her initial appeal. In response to the district court's conclusion that Listing 9.09 no longer applies to her disability claims, Ingram argues that the application of Social Security Ruling 00-3p to her claims amounts to an impermissible retroactive application of the new obesity regulations. See, e.g., Nash v. Apfel, No. 99-7109, 2000 WL 710491, at *2 (10th Cir. June 1, 2000) (unpublished) (rejecting application of the Commissioner's new obesity regulations to cases pending administrative or judicial appeal on the effective date of the new regulations); Kokal v. Massanari, 163 F. Supp. 2d 1122, 1134 (N.D. Cal. 2001) (same).

We review for an abuse of discretion the district court's decision to grant the Commissioner's motion to remand for further proceedings. See Brown v. Barnhart, 282 F.3d 580, 581 (8th Cir. 2002). Generally, if an agency makes a policy change during the pendency of a claimant's appeal, the reviewing court should remand for the agency to determine whether the new policy affects its prior decision. See NLRB v. Food Store Employees Union, 417 U.S. 1, 10 & n.10 (1974) (stating that an agency should be given the initial opportunity to decide whether a new policy governs in a pending appeal). Rather than adopting such a course of action, however, the district court determined for itself that the new obesity regulations applied to Ingram's claims, even though the Social Security Administration had never taken that position in the case, and the Commissioner had not asked the court to remand based on the intervening rule change.

4

It was improper for the district court to rely on Social Security Ruling 00-3p as an expression of the agency's intent to apply the new rules to Ingram's claims. While a court generally should defer to an agency ruling (even though they are not binding, see Minnesota v. Apfel, 151 F.3d 742, 748 (8th Cir. 1998)), Social Security Ruling 00-3p does not explicitly provide that the new regulations apply where, as here, a claimant has once prevailed on judicial review and a court has remanded to the agency for proceedings consistent with the court's opinion. When a court has once reversed the agency, the equitable considerations as to whether the new rule should apply are quite different from a typical disability appeal that is pending review but has not yet been adjudicated. One proper course would have been to remand to the agency to determine, in the exercise of its congressionally-imposed duty to establish rules governing disability determinations, see 42 U.S.C. § 405(a), whether Social Security Ruling 00-3p governed Ingram's claims. Because a court should not decide matters of agency policy, we conclude that the district court abused its discretion in remanding Ingram's claims on the ground that Listing 9.09 no longer governed them.

Normally, we also would remand to the agency for it to decide whether the new obesity rules apply, but this case is anything but normal. Ingram's claims have been pending since 1993, and the agency's handling of them has been slow to say the least (inexcusably slow is probably a better description). Moreover, as we will explain in more detail below, had the agency properly carried out the review we required of it under our court's prior opinion, it would have been obligated to award benefits to Ingram long before the new obesity regulations took effect. More importantly, though, the Commissioner had ample opportunity to decide, or ask for the opportunity to decide, whether the new obesity regulations govern Ingram's claims. The Agency could have sought to apply the new regulations when the case was pending before the Appeals Council, or, after the Appeals Council denied review, the Commissioner could have asked the district court to remand the case for the agency to determine whether the new rules applied. Instead, the agency permitted Ingram's claims to

5

languish before the Appeals Council for almost a year after the rule change, and, when her case finally made its way to the district court, the Commissioner asked that the case be remanded so that the agency could review, for the <u>third</u> time, whether Ingram satisfied the <u>old Listing 9.09</u> requirements. Because the Commissioner's present assertion that the new obesity regulations govern Ingram's claims is untimely and unfair given the history of this case, we conclude the Commissioner has waived any right to determine whether Ingram is disabled under the new regulations. <u>Cf. Sweat v. City of Fort Smith</u>, 265 F.3d 692, 696 (8th Cir. 2001) (concluding that a party waived its position by not asserting it in a more timely fashion); <u>Clark v. Martinez</u>, No. 00-2412, 2002 WL 1414397, at *4 (8th Cir. July 2, 2002) (recognizing that a party generally waives an affirmative defense by not raising it in a responsive pleading).

As a consequence, Listing 9.09 and our prior decision continue to control Ingram's right to disability benefits, and we review the Commissioner's decision that Ingram has not satisfied Listing 9.09 to determine whether it is supported by substantial evidence. <u>See</u> <u>Pearsall v. Massanari</u>, 274 F.3d 1211, 1217 (8th Cir. 2001) (discussing the standard of review in Social Security cases). On remand, Ingram presented a letter from an orthopedic surgeon who had previously examined and x-rayed her for purposes of her disability applications. The doctor explained in the letter that x-rays taken of Ingram in 1993 demonstrated arthritis in her spine. Although the letter was before the ALJ on remand, he did not discuss or discredit the findings contained in it.

Shortly after the ALJ issued his decision on remand, Ingram submitted a second letter from the same doctor. The doctor indicated in the second letter that he had taken new x-rays of Ingram, which showed arthritis in Ingram's spine <u>and in her knee</u>. He opined that the arthritis had been present for a considerable time and that Ingram "certainly" had arthritis before December 1996, the date Ingram's insured status expired. Although the second letter, and the x-ray evidence discussed in it,

were obtained after the expiration of Ingram's insured status, the letter is permissible and relevant evidence corroborating the condition of her spine and knee prior to the date her insured status expired. Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990) ("Medical evidence obtained after an ALJ decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision."). Because Ingram submitted the letter to the Appeals Council, we may review it in determining whether the Commissioner's decision was supported by the record. See Cunningham v. Apfel, 222 F.3d 496, 500 (8th Cir. 2000) (recognizing that we review the record, including new relevant evidence submitted to the Appeals Council, to determine whether there is substantial evidence supporting the ALJ's decision). In light of the letters submitted to the agency on remand, and the lack of any evidence contradicting the letters, the ALJ's decision lacks support in the record.

When the Commissioner's decision to deny benefits is improper, we ordinarily will remand for further proceedings out of an abundance of deference to the agency's authority to make benefits determinations. Buckner v. Apfel, 213 F.3d 1006, 1011 (8th Cir. 2000). However, the record in Ingram's case permits us to unequivocally say that she has met the burden of our earlier decision in that she has demonstrated some x-ray evidence of arthritis in her knee and spine, entitling her to a finding of disability under our prior decision. See id. (stating that court may reverse the Commissioner's decision outright if overwhelming evidence supports a finding of disability). The ALJ's decision to the contrary expresses a conspicuous disregard for our prior holding by imposing the heightened requirement of "radicular corroboration," and we hesitate to provide the agency with yet another opportunity to further prolong this case. A remand would only delay matters longer.

## III.

Accordingly, we reverse the judgment of the district court and remand to the court with directions to order the Commissioner to award benefits to Ingram in the amount required under the applicable statutes and regulations.  Because we held that Listing 9.09 controls Ingram's right to benefits, we express no view on her argument that the Commissioner lacks authority to retroactively apply the new obesity regulations to cases that are pending judicial review.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.