# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3455

_____

Glenda L. Pottsmith,

        Appellant,

  v.

Jo Anne B. Barnhart, Commissioner
of Social Security,

        Appellee.

\* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
District of Minnesota.

_____

Submitted: August 21, 2002

Filed: October 1, 2002

_____

Before WOLLMAN, RILEY, and MELLOY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

In this social security case, Glenda L. Pottsmith appeals the judgment of the district court[1] denying her motion for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. We agree that Pottsmith's motion was untimely and therefore affirm.

_____

[1]The Honorable Michael J. Davis, United States District Court Judge for the District of Minnesota.

# I.

After her application for disability insurance benefits was denied at the administrative level, Pottsmith filed a complaint in district court, seeking judicial review of the Commissioner of Social Security's (Commissioner) final decision. Pursuant to the local rules, Pottsmith moved for summary judgment. The Commissioner responded by filing a motion to remand and for entry of final judgment. Concluding that the Commissioner's decision was not supported by substantial evidence in the record as a whole, the magistrate judge[2] recommended that the district court grant the Commissioner's motion to remand and deny Pottsmith's motion for summary judgment. On October 3, 2000, the district court adopted the magistrate judge's report and recommendation, reversed the Commissioner's decision, and remanded the case for further administrative proceedings. A judgment was entered on the same date. Pottsmith was then awarded benefits on remand.

On January 22, 2001, Pottsmith petitioned the district court for an award of attorney fees under the EAJA. In a report and recommendation, the magistrate judge determined that the October 3, 2000, remand had been based on sentence four, rather than sentence six, of 42 U.S.C. § 405(g), and therefore concluded that Pottsmith's motion for fees was untimely. The district court adopted the report and denied the motion. This appeal followed.

# II.

The sole issue raised on appeal is whether Pottsmith's application for fees was timely. The resolution of this issue hinges on whether the October 3, 2000, remand was made pursuant to sentence four or sentence six of 42 U.S.C. § 405(g). We review

___

[2]The Honorable Jonathan Lebedoff, United States Magistrate Judge for the District of Minnesota.

-2-

this question of law de novo. Friends of the Boundary Waters Wilderness v. Thomas, 53 F.3d 881, 884-85 (8th Cir. 1995).

To obtain attorney fees under the EAJA, the prevailing party must submit a fee application "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). "We lack jurisdiction to consider the merits of fee applications filed beyond this time limit." Welter v. Sullivan, 941 F.2d 674, 675 (8th Cir. 1991) (citing Olson v. Norman, 830 F.2d 811, 821 (8th Cir.1987)). To determine whether Pottsmith's application was timely, we turn first to 42 U.S.C. § 405(g), the provision governing our review of social security decisions. Sentences four and six of § 405(g) outline "the exclusive methods by which district courts may remand to the [Commissioner]," Shalala v. Schaefer, 509 U.S. 292, 296 (1993), and provide in relevant part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. . . . The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]

42 U.S.C. § 405(g).

In Melkonyan v. Sullivan, the Supreme Court explained that "[i]n sentence four cases, the filing period [for EAJA purposes] begins after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period

has run, so that the judgment is no longer appealable." 501 U.S. 89, 102 (1991) (citing 28 U.S.C. § 2412(d)(2)(G) (defining "final judgment" as "a judgment that is final and not appealable")). By contrast, "[i]n sentence six cases, the filing period does not begin until after the postremand proceedings are completed, the [Commissioner] returns to court, the court enters a final judgment, and the appeal period runs." Id.

Pottsmith contends that the district court's October 3, 2000, remand was made pursuant to sentence six of § 405(g). Thus, Pottsmith concludes, the district court retained jurisdiction over her case, and her petition for fees was not untimely. We disagree. According to the Supreme Court, "[i]mmediate entry of judgment . . . is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand." Shalala, 509 U.S. at 297 (citing Melkonyan, 501 U.S. at 101-02). A substantive ruling on the merits of the case is a second factor distinguishing sentence-four from sentence-six remands. Melkonyan, 501 U.S. at 98 (recognizing that in the case of sentence-six remands, "[t]he district court does not affirm, modify, or reverse the [Commissioner's] decision; it does not rule in any way as to the correctness of the administrative determination"); Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir. 2000) (citing Melkonyan, 501 U.S. at 98). Here, the district court made such a ruling, concluding that the Commissioner's decision was not supported by substantial evidence. See Buckner, 213 F.3d at 1010. It therefore reversed this decision and remanded the case for further administrative proceedings. As noted above, a judgment was entered on the same day the remand order was filed. Thus, this remand fits squarely within the definition of a sentence-four remand.

In challenging this conclusion, Pottsmith suggests that when cases are remanded "for further administrative proceedings," such remands are necessarily governed by sentence six. This argument, however, runs contrary to the plain language of sentence four, which permits a district court to reverse the Commissioner's decision "with or without remanding the cause for a rehearing." 42

U.S.C. § 405(g). On a related note, Pottsmith contends that because the district court instructed the Commissioner to obtain medical expert testimony on remand, the remand was made pursuant to the "new and material evidence" prong of sentence six. This argument must also fail, as there is no indication of any new evidence before the district court when it resolved the remand issue. See Buckner, 213 F.3d at 1010. Thus, we agree with the district court that its instructions to the Commissioner did not convert the remand into a sentence-six remand.

Pottsmith also contends that because the Commissioner requested the remand, and sentence four does not expressly provide for such a request, the remand must have been made pursuant to sentence six. We are not persuaded. Nothing in § 405(g) suggests that the Commissioner is prohibited from requesting a sentence-four remand. Furthermore, the Supreme Court has noted that "[s]entence-six remands may be ordered in only two situations," one of which is when "the [Commissioner] requests a remand before answering the complaint." Shalala, 509 U.S. 297 n.2. Here, by contrast, the Commissioner's request came after she had filed an answer. See Buckner, 213 F.3d at 1010. Although Pottsmith characterizes this distinction as a mere "technicality," we conclude that, given the district court's substantive rulings relating to the correctness of the Commissioner's findings and the "immediate" entry of judgment, the Commissioner's request does not transform this sentence-four remand into a sentence-six remand.

Pottsmith's remaining arguments are also unavailing. According to Pottsmith, "she was not a prevailing party until after the Administrative proceedings were concluded in her favor." Thus, she argues, "there is no way that [she] could ever recover her EAJA fees" unless the district court retained jurisdiction over her case and remanded pursuant to sentence six. See 28 U.S.C. § 2412(d)(1)(B) (requiring a party seeking fees to submit an application showing, inter alia, that the party is a "prevailing party"). In Shalala v. Schaefer, however, the Supreme Court rejected such an argument, stating that "[n]o holding of this Court has ever denied prevailing-

party status (under § 2412(d)(1)(B)) to a plaintiff who won a remand order pursuant to sentence four of § 405(g)." Shalala, 509 U.S. at 300. Pottsmith also notes that shortly after the Commissioner moved to remand, the district court entered an order, which it later vacated, remanding the case pursuant to sentence four. Pottsmith therefore concludes that "because the new order for remand [i.e., the October 3, 2000, order] did not [specifically] remand pursuant to sentence four and the prior order for remand, which was vacated, did [specifically] remand pursuant to sentence four it is logical that the second order for remand was not made pursuant to sentence four." Again, however, we rely on the district court's substantive rulings as to the correctness of the Commissioner's findings and the "immediate" entry of judgment in rejecting such an inference.

## III.

The district court's judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.