# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 03-3962

_____

Amanda A. Lee,                    *

                         *

        Appellant,         *

                         *   Appeal from the United States

   v.                     *   District Court for the

                         *   Eastern District of Arkansas.

Jo Anne B. Barnhart, Commissioner of  *

the Social Security Administration,    *      [UNPUBLISHED]

                         *

        Appellee.         *

_____

Submitted:  October 7, 2004
Filed:  October 27, 2004

_____

Before WOLLMAN, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Amanda A. Lee appeals from the district court's[1] order affirming the denial of disability insurance benefits and supplemental security income.  In her August 1998 applications, Lee alleged disability since mid-August 1998 from a learning disability. At the November 1999 hearing, she amended her alleged onset date to November 1997.  After the hearing, an administrative law judge (ALJ) determined that Lee had

---

[1]The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

severe borderline intellectual functioning, but that this impairment did not meet or equal a listing; and that Lee had the residual functional capacity to perform unskilled work at any exertional level if it involved only simple, concrete instructions. The ALJ also found that, given a vocational expert's (VE's) testimony--in response to a hypothetical the ALJ had posed--about Lee's ability to perform her past relevant work as a teacher's aide and to perform machine-operating and small-parts assembly jobs, Lee was not disabled. See Roberts v. Apfel, 222 F.3d 466, 468 (8th Cir. 2000) (standard of review).

We reject Lee's challenges to the ALJ's credibility findings, because the ALJ gave multiple valid reasons for finding the testimony of Lee and her mother not entirely credible. See Gregg v Barnhart, 354 F.3d 710, 714 (8th Cir. 2003) (if ALJ explicitly discredits claimant, and gives good reasons for doing so, this court normally defers to credibility findings); Tate v. Apfel, 167 F.3d 1191, 1198 n.8 (8th Cir. 1999) (ALJ properly discounted lay witness testimony as based on incentive to see claimant obtain benefits and uncritical acceptance of claimant's complaints).

Lee argues that the ALJ ignored evidence showing her borderline intelligence was disabling, and ignored the VE's testimony that Lee was not employable. We disagree. The ALJ discussed the only psychological evidence in the record regarding intellectual functioning, and there was no indication at the hearing that other records existed which would have supported her claim. Cf. Buckner v. Apfel, 213 F.3d 1006, 1013 (8th Cir. 2000) (court was not persuaded that ALJ failed to develop record adequately, as record contained ample evidence regarding mental impairment and its functional impact). While at one point the VE opined that Lee was not employable, he did so only in response to a hypothetical based on a counselor's 1987 vocational limitations; and significantly, after 1987 Lee was able to hold jobs in home health (over 5 years) and in a nursing home (1-1/2 years)--jobs which she left for reasons unrelated to her impairment. See Roberts, 222 F.3d at 469 (substantial evidence supported ALJ's decision, where he relied in part on fact that claimant with

borderline intelligence had successfully worked many years with same cognitive abilities he currently possessed).

Lee's remaining arguments provide no basis for reversal. Accordingly, the judgment is affirmed.

_____