

Opinions of the United
States Court of Appeals
for the Third Circuit

6-21-2006

# Hartzog v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3055

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Hartzog v. Comm Social Security" (2006). *2006 Decisions*. Paper 861.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/861

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-3055

_____

TED HARTZOG,

Appellant

v.

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 04-cv-00669)
District Judge: Hon. Gary L. Lancaster

_____

Submitted Under Third Circuit LAR 34.1(a)
March 30, 2006

BEFORE: SMITH and COWEN, Circuit Judges,
and THOMPSON*, District Judge

(Filed: June 21, 2006)

_____

OPINION

_____

_____

*Honorable Anne E. Thompson, Senior United States District Judge for the District of
New Jersey, sitting by designation.

COWEN, Circuit Judge.

Ted Hartzog appeals the order of the district court affirming the Commissioner of Social Security's ("Commissioner") decision denying his application for supplemental security income. Hartzog contends that he should have been found presumptively disabled due to his mental retardation and illiteracy pursuant to 20 C.F.R. Pt. 404, Subpt. P, Appx. 1 § 12.05C. He further asserts that the case should be remanded back to the district court because the court failed to specifically address his arguments in its judgment order. We will affirm.

I.

Because we are writing for the parties who are familiar with the record and prior proceedings, we recite only those facts relevant to the issues now before us. Hartzog filed an application for supplemental security income payments, alleging that he was disabled due to, inter alia, a learning disability with the inability to read, write, or spell. The medical evidence showed that Hartzog suffers from mild mental retardation. He had a verbal I.Q. score of 66, a performance I.Q. score of 60, and a full-scale I.Q. score of 61. The evidence also showed that Hartzog was illiterate.

The ALJ used the five-step sequential analysis to evaluate Hartzog's disability claims pursuant to 20 C.F.R. § 416.920. At step two, the ALJ determined that Hartzog was mentally retarded, which constitutes a severe impairment. At step three, the ALJ found that Hartzog's mental retardation did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Specifically, the ALJ found

2

that Hartzog had valid I.Q. scores in the 60 through 70 range, but failed to establish a physical or other mental impairment imposing an additional and significant work-related limitation of function pursuant to § 12.05C. The ALJ ultimately held that Hartzog was still capable of performing unskilled, low stress, entry-level work involving one-to-two step processes and routine, repetitive tasks primarily working with things rather than people. The ALJ further found that jobs meeting Hartzog's capabilities exist in significant numbers in the national economy. Hartzog appealed the ALJ's decision to the Appeals Council. The appeal was denied, making the ALJ's decision the final decision of the Commissioner.

Hartzog appealed the ALJ's decision to the district court. On appeal, Hartzog argued that the ALJ erred by failing to find him presumptively disabled at step three of the sequential evaluation. Hartzog argued that his illiteracy was a mental impairment imposing an additional and significant work-related limitation of function pursuant to § 12.05C. In a four page order, the district court briefly summarized the parties' arguments, discussed the substantial evidence standard, and then stated "based on the evidence of record and the briefs filed in support of each party's summary judgment motion, the court concludes that substantial evidence supports the Commissioner's finding that plaintiff is not disabled." (Appellant App. at 5.) Hartzog then filed the present appeal.

## II.

The district court had jurisdiction pursuant to the Social Security Act, 42 U.S.C. §

405(g). We exercise jurisdiction pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. The standard of review over findings of fact by the Commissioner is whether there is substantial evidence to support such findings. See Markle v. Barnhart, 324 F.3d 182, 184 (3d Cir. 2003). We have plenary review over the application of legal precepts. See id.

The first issue for us to consider is whether the ALJ erred when he found that Hartzog did not suffer from "mental retardation" as defined in the Listing of Impairments, 20 C.F.R. Pt. 404, Subpt. P, Appx. 1 § 12.05. Under § 12.05, "[m]ental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the development period . . . before age 22." Id. A person suffering from mental retardation is considered disabled under the Listing of Impairments if the person can demonstrate a sufficient degree of severity listed in one of the four subsections. Hartzog contends that he falls within subsection C, which requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work related limitation of function." Id. § 12.05C.

Hartzog contends that the ALJ erred in finding that his illiteracy was not an additional impairment. We disagree. Hartzog failed to establish that his illiteracy is "another impairment, in addition to [his] mental retardation, that imposes an additional and significant work-related limitation of function." Williams v. Sullivan, 970 F.2d 1178, 1184 (3d Cir. 1992) (emphasis added). Hartzog's illiteracy appears to be a symptom or manifestation of his mental retardation, not an additional impairment. See Buckner v.

4

Apfel, 213 F.3d 1006, 1012 (8th Cir. 2000) (finding learning disability and difficulty concentrating and reasoning to be merely symptoms or manifestations of claimant's mental retardation). Because Hartzog failed to present evidence establishing that his illiteracy was an impairment in addition to his mental retardation, we find no error.

Hartzog next contends that the district court failed to specifically address his argument that his illiteracy was an additional impairment under § 12.05C. He seeks a remand with instructions that the district court reconsider and specifically address the issue he raised below. In support of his argument, he relies on Bright v. Westmoreland County, 380 F.3d 729 (3d Cir. 2004). Hartzog's reliance on Bright is misplaced.

In Bright, the defendants filed a motion to dismiss the plaintiff's action brought pursuant to 42 U.S.C. § 1983. During a preliminary case conference, the district court indicated that it planned to dismiss Bright's complaint. The district court requested that the defendants file a statement of position instead of a reply brief in support of the motion to dismiss. Pursuant to the court's request, the defendants filed a proposed opinion and order of the court. Bright was not given an opportunity to respond to the proposed opinion. The district court adopted the proposed opinion nearly verbatim. On appeal, we reversed and remanded the case back to the district court because there was no record evidence showing that the district court conducted its own independent review or that the opinion was the product of its own judgment. See id. at 732.

In the present case, the district court reviewed the administrative record and the parties' briefs. There is no indication that the district court failed to exercise independent

5

judicial review. Although the district court did not specifically address Hartzog's argument, the district court determined that the ALJ's decision was supported by substantial evidence. We find no error in the district court's conclusion, and remand is not appropriate.

For the foregoing reasons, the judgment of the district court entered on April 18, 2005, will be affirmed.