**John E. PEET, Plaintiff,**

v.

**Carolyn W. COLVIN, Acting Commissioner of Social Security, Defendant.**

**Civil No. 13–851(DSD).**

United States District Court, D. Minnesota.

Signed March 23, 2015.

John E. Peet, Richfield, MN, pro se.

Pamela Marentette, Assistant U.S. Attorney, Minneapolis, MN, for defendant.

## ORDER

DAVID S. DOTY, District Judge.

This matter is before the court upon the pro se motions to show cause by plaintiff John E. Peet.[1] On April 12, 2013, Peet filed a complaint seeking judicial review of a decision by defendant Carolyn Colvin, the Acting Commissioner of Social Security (Commissioner), denying him social security benefits. On July 23, 2013, the court remanded the case to the Commissioner for a de novo hearing pursuant to sentence six of 42 U.S.C. § 405(g), because the record of Peet's January 22, 2008, hearing was blank. ECF No. 12. The Commissioner stated that a new decision would be issued on remand. ECF No. 8, at 2.

Sentence six of § 405(g) permits a court to order remand where the Commissioner, with good cause, moves for a remand before filing an answer. *Buckner v. Apfel,* 213 F.3d 1006, 1010 (8th Cir.2000); *see also Acevedo v. Barnhart,* 474 F.Supp.2d 1001, 1004 (E.D.Wis.2007) (stating that good cause exists when the Commissioner is unable to file a complete administrative record for review). The court retains jurisdiction to review any determination rendered on remand. *Travis v. Astrue,* 477 F.3d 1037, 1039 (8th Cir.2007). Following a rehearing, the Commissioner must "modify or affirm [her] findings of fact or ... decision, or both," and file the findings of fact or decision with the court. 42 U.S.C. § 405(g).

The Commissioner states that the new hearing was held on December 4, 2014, but that a final decision has not yet been issued. ECF No. 19, at 2. Because there is no final decision for the Commissioner to submit to the court, the motions to show cause are premature. Once a final decision is reached, the Commissioner must file it with the court so that the case may proceed. *Melkonyan v. Sullivan,* 501 U.S. 89, 98, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991) ("The [Commissioner] must return to the district court" following remand.).

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's motions to show cause [ECF Nos. 14, 17] are denied.

---

1. The court construes the motions as a request for prompt review of Peet's claim in federal court. Other issues that Peet raises, such as the merits of his claim and inability to obtain counsel on remand, cannot be addressed by the court at this time.