# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1851EA

_____

| | | |
|---|---|---|
| Billy Bailey, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| | * | On Appeal from the United |
| v. | * | States District Court for |
| | * | the Eastern District |
| Kenneth S. Apfel, Commissioner, | * | of Arkansas. |
| Social Security Administration, | * | |
| | * | |
| Appellee, | * | |

_____

Submitted: September 13, 2000

Filed: October 16, 2000

_____

Before RICHARD S. ARNOLD, LAY, and FAGG, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.


Billy Bailey appeals the District Court's order affirming the denial of supplemental security income. We reverse.


At a September 1996 hearing before an administrative law judge (ALJ), Bailey testified that he suffers from a learning disability, has a speech impediment, and cannot read and write. Prior to the hearing, Bailey took a variety of tests, the results of which show he is mildly retarded and suffers from a severe articulation disorder. Following

the hearing, the ALJ concluded the results of these tests were not credible, gave no substantial weight to Bailey's medical records, and concluded Bailey did not suffer from a listed impairment. Applying the factors set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), the ALJ found Bailey's subjective allegations of mental retardation were inconsistent with his skilled work history, his demeanor at the hearing, and his daily activities; and were undercut by his ability to obtain unemployment benefits, maintain an independent living while his wife was institutionalized, and comply with probation requirements. The ALJ concluded Bailey could return to his past relevant work of painting and construction work.

We review the ALJ's decision to determine whether it is supported by substantial evidence on the record as a whole, that is, relevant evidence that a reasonable person might accept as adequate to support the conclusion. See Holz v. Apfel, 191 F.3d 945, 947 (8th Cir. 1999). The ALJ must apply a sequential analysis to determine if a claimant is disabled, specifically whether the claimant is not currently working and has a severe impairment; whether this impairment meets or equals a listed impairment; if not, whether the impairment prevents the claimant from returning to his past relevant work; and, if so, whether the impairment prevents the claimant from performing other work in light of his age, education, and past work experience. See 20 C.F.R. § 416.920 (1999). We conclude that Bailey's mental retardation, coupled with his speech disorder, meets listing 12.05C, which requires a "valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function." See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05C (1999).

Bailey's results from the Wechsler Adult Intelligence Scale-Revised (WAIS-R) show he has a verbal intelligence quotient (IQ) of 63, performance IQ of 68, and full scale IQ of 64. We believe the ALJ erred in discrediting these scores. The WAIS-R is accepted as a means of testing mental retardation. The clinical psychologist and licensed psychological examiner who administered and interpreted the test, Dr. Samuel

Hester and Mr. Larry Lawrence, were qualified to do so, and their report contains a narrative description of their clinical findings. Consulting physician Dr. Kathryn Gale reviewed and accepted Dr. Hester's and Mr. Lawrence's findings, completed a psychiatric review technique form, and noted Bailey had limitations in concentration, following instructions, and social functioning. Mr. Bailey himself testified at the hearing that he had been diagnosed with a learning disability, and told Dr. Hester and Mr. Lawrence that he had taken special education classes in school. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00D (1999) (results of WAIS may be useful in establishing existence of mental retardation, WAIS should be administered and interpreted by psychologist qualified by training and experience to perform such evaluation, and test results should include objective data and narrative description of clinical findings). Furthermore, Bailey's daily activities and work history do not call into question the validity of the IQ results. Bailey has never lived independently and is dependent upon his wife and relatives to assist him. His daily activities were restricted to watching television and visiting with friends. He indicated on reports that he had trouble keeping jobs because he was not fast, and his work history was limited primarily to working for his father. Cf. Clark v. Apfel, 141 F.3d 1253, 1255-56 (8th Cir. 1998) (ALJ properly rejected IQ scores where scores were product of one meeting with non-treating psychologist, scores were inconsistent with claimant's unrestricted daily activities-- reading, writing, counting money, driving, cooking, cleaning, shopping, and taking care of young child--and no medical records indicated she was mentally retarded prior to age 22).

In addition, Bailey's speech disorder qualifies as a physical or other mental impairment that imposes an additional and significant work-related limit. Bailey indicated on disability reports that his former employer could not understand his speech, and speech test results show that he has a severe articulation disorder characterized by phonemic substitutions and omissions. Although the speech pathologists indicated his speech was "intelligible," they also indicated that it was noticeably in error and that Bailey would benefit from therapy. This articulation

disorder, combined with his inability to read and write, severely limits Bailey's ability to work generally and specifically to perform his past work, which requires speaking, reading, and writing skills. See <u>Dictionary of Occupational Titles</u> § 740.684-022 & App. C (4th ed. 1991) (painting skills); § 869.664-014 & App. C (construction skills); see also <u>Sird v. Chater</u>, 105 F.3d 401, 403 (8th Cir. 1997) (work-related limiting function need only be "more than slight or minimal," and not severely disabling).

Because we conclude Bailey meets listing 12.05C, he is presumed to be disabled and is entitled to benefits. Accordingly, we reverse the judgment of the District Court, and remand the case with instructions to remand to the Commissioner for the payment of benefits.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.