# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3459

_____

Sharon Hatcher,

          Appellant,

v.

Jo Anne B. Barnhart,
Commissioner of Social
Security Administration,

          Appellee.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the Eastern
\*   District of Arkansas
\*
\*      [PUBLISHED]
\*
\*
\*

_____

Submitted:   April 16, 2004
Filed:  May 28, 2004

_____

Before LOKEN, Chief Judge, BYE, Circuit Judge, and MAGNUSON,[1] District
Judge.

_____

MAGNUSON, District Judge.

Appellant Sharon Hatcher appeals from the District Court's grant of summary judgment in favor of Appellee Jo Anne B. Barnhart, Commissioner of Social Security. We reverse and remand.

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, sitting by designation.

**BACKGROUND**

Appellant Sharon Hatcher ("Hatcher") claims a disability resulting primarily from fibromyalgia. She applied for Social Security Disability Insurance benefits in September 1998. Her application was denied both initially and on appeal. She then sought a hearing before an Administrative Law Judge ("ALJ"). At the time of the hearing, she was 46 years old. The ALJ determined that Hatcher could return to her past work as a telemarketer and denied her application. On the parties' cross-motions for summary judgment, the District Court affirmed the ALJ's decision, and this appeal followed.

Hatcher has an extensive medical history, documented in a two-volume administrative record. She was diagnosed with fibromyalgia in 1998. In addition to fibromyalgia, she suffers from degenerative disk disease in her back, carpal tunnel syndrome in both wrists, rheumatoid arthritis, and depression. She takes a wide variety of medication for these various complaints, and appears to visit either a medical doctor or a psychiatrist more than once per month.

The ALJ determined that Hatcher's complaints of pain were not entirely credible. Further, the ALJ discounted the opinion of one of Hatcher's treating physicians, Dr. Williams, who opined that Hatcher was unable to work. According to the ALJ, this opinion usurped the ALJ's role to determine disability and was in any event inconsistent with the medical record. The ALJ relied in part on the opinion of a one-time medical examiner, Dr. Leonard, who found that Hatcher "probably would be able to hold down gainful employment." (Admin. Tr. at 24.)

Hatcher contends that the ALJ erred in discounting her treating physician's opinion. She argues that all of the medical evidence in the record, aside from that generated by the Social Security Administration, shows that she suffers from fibromyalgia and other complaints so severely that she is unable to work. Indeed, she

testified that she sleeps approximately five hours every day, that she is unable to do housework, that she does not take a shower unless her husband is at home because she is afraid of falling in the shower, and that she cannot concentrate or perform any substantial everyday living tasks.

**STANDARD OF REVIEW**

This Court reviews the initial decision to deny benefits to determine whether substantial evidence on the record as a whole supports that decision. Bailey v. Apfel, 230 F.3d 1063, 1065 (8th Cir. 2000).

**DISCUSSION**

In October 2003, a panel of this Court addressed a situation remarkably similar to the instant case. Cox v. Barnhart, 345 F.3d 606 (8th Cir. 2003). The plaintiff in Cox applied for disability benefits on the basis of fibromyalgia and costochondritis. The ALJ disregarded the opinion of Cox's treating physician, who, like Hatcher's physician, opined that Cox was unable to work. The ALJ instead relied on the opinion of a one-time medical examiner, the same Dr. Leonard on whose opinion the ALJ in the instant matter relies. The panel ultimately found that the ALJ improperly disregarded the opinion of Cox's treating physician. Id. at 609. Further, the panel determined that the opinion of Dr. Leonard could not constitute substantial evidence supporting the ALJ's decision. Id. at 610 (citing Jenkins v. Apfel, 196 F.2d 922, 925 (8th Cir. 1999)). The Court reversed the grant of summary judgment to the Commissioner, and remanded the case for a determination of whether Cox could find employment in a competitive national economy, pursuant to McCoy v. Schweiker, 683 F.2d 1138, 1147 (8th Cir. 1982) (noting that residual functional capacity of claimant "is the ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world").

The instant matter is almost indistinguishable from <u>Cox</u>. Here, as in <u>Cox</u>, the treating physician opined that Hatcher was unable to work. As in <u>Cox</u>, all of the treatment notes support Hatcher's complaints and her claimed limitations. As in <u>Cox</u>, there is nothing in the record that contradicts Hatcher's physician's opinion aside from the opinion of the ALJ-appointed expert.

Both the ALJ's determination and the decision on the motions for summary judgment were issued long before this Court decided <u>Cox</u>. Thus, neither the ALJ nor the District Court had the benefit of this Court's analysis in <u>Cox</u>. The ALJ and the District Court should have the opportunity to review their respective decisions in light of <u>Cox</u>. The proper remedy is therefore to reverse the decision below and to remand for consideration of our decision in <u>Cox</u>.

Accordingly, we reverse and remand for further proceedings in conformity with this opinion and with the decision in <u>Cox v. Barnhart</u>, 345 F.3d 606 (8th Cir. 2003).

LOKEN, Chief Judge, dissenting.

Like the district court, I conclude that substantial evidence on the administrative record as a whole supports the Commissioner's decision to deny Sharon Hatcher's application for Social Security disability benefits. In my view, it is inherently contrary to our obligation to apply the substantial evidence standard of review to reverse because this case is "remarkably similar" to our decision in <u>Cox v. Barnhart</u>, 345 F.3d 606 (8th Cir. 2003), when the administrative record in that case is not before us. Accordingly, I respectfully dissent.

_____